CITY OF LINCOLN, PLAINTIFF IN ERROR, v. SOPHIA BECKMAN, DEFENDANT IN ERROR.

1. **Motion for New Trial.** A verdict was returned in court by the jury on the 21st day of May. On the 23d day of the same month, a motion for a new trial was filed by defendant. On the 24th another motion, styled a "Supplemental motion for a new trial," was filed. By Sec. 316 of the civil code, a motion for a new trial must be made during the term a verdict is rendered, and within three days thereafter, unless unavoidably prevented. The supplemental motion for a new trial, being filed within three days after the rendition of the verdict, was held to have been an amended motion for a new trial, and a substitute for the one filed on the day previous, and having been filed within three days, it was not necessary to obtain leave of court to file it.

2. **Injuries to Person:** EVIDENCE. In an action for damages resulting from personal injury, the plaintiff was permitted to testify to the amount of her earnings prior to the injury, for the purpose of showing the value of her time. This was without objection. She was then asked how much she made each week by her labor. Objection was made to the question, which was overruled. *Held*, No error.

3.   Instructions to the jury should be clear, explicit, and definite, couched in plain, simple language, and should not give undue prominence to one feature of the case or item of the evidence.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

C. A. Atkinson, City Attorney, and J. L. Doty, for plaintiff in error, on motion for new trial, cited: Snowden v. Craig, 20 Iowa, 477. Humphries v. Marshall, 12 Ind., 609. Brady v. O'Brien, 23 Cal., 244. Van Valkenburg v. Huff, 1 Nev., 142. First instruction. St. Louis v. State, 8 Neb., 406. Callanan v. Shaw, 24 Iowa, 441. Shellenbarger v. Nafus, 15 Kan., 547. Evidence inadmissible under the pleadings. Baldwin v. R. R., 4 Gray, 333. Agnew v. Johnson, 22 Penn. State, 471. Plimpton v. Gardier, 64 Maine, 360.

Billingsley & Woodward and G. M. Lambertson, for defendant in error, cited: City of Lincoln v. Walker, 18 Neb., 245. Irvin v. Wood, 4 Robt., 138. Congreve v. Morgan, 18 N. Y., 84. Hart v. Mayor, 9 Wend., 607.

REESE, CH. J.

This was an action instituted by defendant in error for damages resulting from a personal injury, alleged to have been suffered by reason of a fall from the sidewalk and street-crossing of plaintiff in error, into an excavation or depression, alleged to have been wrongfully and negligently permitted to remain open at the side of the street, at the crossing.

The cause was tried to a jury, who returned a verdict in favor of defendant in error. After the return of the verdict a motion for a new trial was filed, assigning as grounds therefor:

"First. Because the verdict of the jury in this case is contrary to and against the weight of evidence, and that said verdict is not sustained by the evidence.

"*Second.* Because said verdict was contrary to the law of the case.

"*Third.* Because of error of law occurring at the trial, and duly excepted to by defendant."

The next day after the foregoing motion was filed, plaintiff in error filed a "supplemental motion for a new trial." This "supplemental motion" presented, as grounds for a new trial, the alleged errors of the court in refusing to give certain instructions asked by counsel for plaintiff in error.

It is now insisted on the part of defendant in error that this "supplemental" motion for a new trial was filed after the expiration of the three days within which a motion for a new trial might have been filed without leave of court, and that the attention of the district court was not called thereto at the time of the decision upon the motion for a new trial. By an examination of the record we find that the verdict of the jury was returned into court on the 21st day of May. On the 23d the motion for a new trial was filed, and on the 24th the paper styled "supplemental motion" was also filed, and on the 21st day of June the motion for a new trial was overruled and judgment entered on the verdict. It will thus be seen that the motions for a new trial were filed within three days after the return of the verdict, as provided by section 316 of the civil code. The fact that the motion was styled "supplemental" will have no bearing in the case, nor was it necessary that leave should be had, in order to file it. It is somewhat difficult to understand the purpose of the pleader, at the time of the filing of this motion. He does not seem to have desired to file it as an amended motion for a new trial, as he omits any reference to the grounds alleged in his original moiton. It cannot be styled a "supplemental" motion, for the reason that all of the causes alleged therein existed at the time of filing the original motion. It is quite probable that he intended to abandon the grounds alleged in the first motion, and stand upon the second. While he had a

clear right to file a motion for a new trial at any time within the 22d, 23d, or 24th days of May, yet we know of no rule of law which would authorize the filing of a motion for a new trial in separate sections or parts, thereby unnecessarily encumbering the record. We will therefore give our attention solely to the last motion filed. This consists of twelve assignments or grounds for a new trial, the eleventh of which we will first notice : " *Eleventh.* Because the court erred in allowing evidence to go to the jury over the objection of the defendant, and to which defendant at the time duly excepted."

This is, perhaps, the same objection as is presented by the fourteenth assignment of the error, in the petition in error, which is as follows: "The court erred in admitting the evidence of Sophia Beckman, to show how much she made each week, which evidence is found on page twenty-five of the bill of exceptions."

By referring to the bill of exceptions, we find that, while the plaintiff was upon the stand, she was interrogated as to the value of her time, prior to the injury, evidently for the purpose of aiding the jury in arriving at the correct measure of damages. The only objection to this testimony was to one question, which was as to the amount of money she was able to earn each week. We here quote briefly from her testimony :

Q. What kind of work did you do before you got hurt?

A. I done washing for other people, and made a good living out of it.

Q. How much did you make?

A. From $5 to $6 a week.

The objection is to the question as to how much she made. In view of the fact that this inquiry was entered upon for the purpose of establishing the value of her labor, without objection, we cannot see that there was any prejudicial error in admitting the testimony objected to.

Plaintiff in error requested the trial court to give certain instructions to the jury, which were refused. There were nine in number. These instructions, with two exceptions, were substantially given by the court upon its own motion, and an extended examination of them will not now be made.

The first instruction asked was as follows:

"*First,* The plaintiff, before she is entitled to the recovery of any amount, must prove by a preponderance of the evidence, every material averment in the petition.

"It is the duty of the jury to give to the evidence of each witness such weight and credibility as, in the light of the circumstances surrounding each witness, and the interest each witness has, if any, in the result of this suit, it is entitled to, in the opinion of the jury. The jury should consider any interest that any witness might have in this suit, either financially or otherwise."

The first clause or paragraph of this instruction was given, in substance, by the court, and we will only notice the second.

If this instruction was so written as to fairly express the law upon the subject of the interest of witnesses, it should have been given, for it is a well-settled rule that, in weighing the testimony of witnesses, it is proper for the jury to consider their interest, if any, in the result of the suit, and to give their testimony such weight as it may be entitled to; but if the instruction should not have been given, by reason of its form or want of a clear statement of the legal proposition, then no error can be predicated upon the action of the court in refusing to give it.

The instruction is open to more than one objection. First, it is not clear in its statement of the legal principle, and for this reason the trial court might well refuse to give it. Second, it consists of many repetitions of substantially the same idea, and by the latter sentence seeks to unduly and improperly impress upon the minds of the jury that

they must consider any interest, "either financial or otherwise," that each witness may have in the event of the suit.

It is a well-established rule in this state and elsewhere, that instructions should consist in a clear statement of the rule of law to be applied, and that they should not be so framed as to make prominent any particular feature of the case or the testimony thereon, and should be explicit and clear, and not confused or indefinite. *Milton v. State*, 6 Neb., 144. *Ballard v. State*, 19 Id., 617. *Mathewson v. Burr*, 6 Id., 320. *Markel v. Moudy*, 11 Id., 218. *Marion v. State*, 20 Id., 244.

The second instruction asked by plaintiff in error, and refused by the court, was as follows:

"2. Persons traveling on foot in the city, should do so along the sidewalk and crossings, and where such sidewalks and crossings are in proper condition and repair for ordinary travel on foot, the city is not liable in damages for an injury occurring in the street from a defect in the street, and if you find from the evidence in this case, that the sidewalk and crossing referred to in plaintiff's petition were, at the time of the alleged injury, in proper condition and repair for ordinary travel on foot, and that plaintiff was not injured by reason of any defect in the sidewalk or crossing, then your verdict will be for the defendant."

It seems to be the contention of counsel for plaintiff in error that, if defendant received her injury by falling off the crossing into the excavation or depression, she could not recover, provided the sidewalk and crossing were in themselves perfect. That is, that she could not recover anything, unless she was able to show that the sidewalk and crossing were in a broken condition, out of repair, or imperfect in their construction. This, we do not think, is the law, and the instruction referred to was properly refused.

We think it tolerably well settled that, in cases of this kind, the question of care, or the want of it, is one which

should be left to the jury, under all the circumstances of the case, and if they found that defendant in error, in the exercise of ordinary care, fell from the sidewalk into the excavation or depression and received the injury, and that it was negligence on the part of the city to allow such a depression or excavation to remain so near the sidewalk as to render it dangerous, then she could recover. The whole question of negligence, both upon the part of plaintiff and defendant, was for the jury to determine.

No substantial error having occurred in the trial of the case, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.