MARGARET WELSH, APPELLEE, v. CITY OF SOUTH OMAHA ET AL., APPELLANTS.

FILED APRIL 3, 1915. No. 18017.

1. **Municipal Corporations:** EXCAVATION IN SIDEWALK: INJURY TO PEDESTRIAN: CONTRIBUTORY NEGLIGENCE. A traveler who knows of a dangerous excavation in a sidewalk is not guilty of contributory negligence, as a matter of law, because, remembering conditions, he attempts in the darkness to pass around such excavation, but, misjudging the distance, falls into it when it is unguarded.

2. ——: EXCAVATIONS IN STREETS: DUTY TO SAFEGUARD. A city should exercise ordinary care to protect the public from the dangers incident to grading and paving, and this duty extends to guarding street and alley excavations dangerously near sidewalks or paths to which traffic is diverted by the making of the improvements.

3. **Appeal:** VARIANCE. On appeal a judgment will not be reversed for an immaterial variance between the pleadings and proof.

4. **Trial:** REFUSAL OF INSTRUCTIONS. It is not error to refuse a requested instruction if the legal principle therein announced is correctly stated to the jury in another form.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*H. C. Murphy, W. J. Connell* and *W. H. Herdman,* for appellants.

*Smyth, Smith & Schall, contra.*

ROSE, J.

In South Omaha plaintiff fell into an excavation in a public alley, running north and south midway between and parallel to Twenty-seventh and Twenty-eighth streets, and sprained her ankle. The accident occurred near the south lot line of E street where the alley crosses it at right angles. This is an action to recover damages in the sum of $5,000 for personal injuries resulting from plaintiff's fall. Defendants are the city of South Omaha and Hugh Murphy. The latter was a paving contractor and made

the excavation while performing a contract to pave E street and the alley intersection at or near the place of the injury. The sidewalk across the alley had been removed with a view to lowering the surface of the sidewalk space to grade. The contractor's duties and liabilities were the same as the city's. Plaintiff charged that defendants were negligent in failing to construct barricades, or to give warning of danger, and in allowing the crossing at the alley to remain in an unprotected and unguarded condition. Defendants denied negligence, and pleaded contributory negligence on the part of plaintiff. From a judgment on a verdict in favor of plaintiff for $1,000, defendants have appealed.

The principal argument of defendants is directed to the assignment that the trial court erred in refusing to direct a verdict in their favor. They insist that the testimony of plaintiff shows she was injured through want of care on her part. She lived at the southwest corner of the intersection. The east side of her lot is adjacent to the alley, and her house fronts north on E street. She had opportunity to observe the progress of the work and she knew the conditions as they existed. After the sidewalk had been removed, the alley was graded south from E street to the lot line. The excavation was at least two feet deep, and turned the traffic over adjacent lots, crossing the alley on comparatively level ground and wearing a path around the graded space. There is evidence tending to show that the sidewalk travel had taken this course for a week or more at the time of the accident. During the afternoon of July 10, 1909, plaintiff left her home and followed the path described, walking east on the south side of E street. In returning after dark she attempted to retrace her course around the excavation and, according to her testimony, fell into it. She was not guilty of contributory negligence, as a matter of law, because she attempted to follow the path and thus avoid known danger. Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence. A traveler who knows of a dangerous excavation in a sidewalk is not guilty of con-

tributory negligence, as a matter of law, because, remembering conditions, he attempts in the darkness to pass around such excavation, but, misjudging the distance, falls into it when it is unguarded. *Orleans Village v. Perry*, 24 Neb. 831; *City of Beatrice v. Reid*, 41 Neb. 214; *City of South Omaha v. Taylor*, 4 Neb. (Unof.) 757; *City of Beatrice v. Forbes*, 74 Neb. 125.

It is further argued that there should have been a peremptory instruction in favor of defendants, because, as they assert, plaintiff, according to her own testimony, fell into the excavation from a private lot. There being proof that the public was not protected by barricades or danger signals, defendants state their position as follows:

"A city owes no duty or obligation, where it has excavated a street or alley to erect barriers or signals for the protection of persons approaching such street or alley from private property, or to prevent such persons from falling from such private property into such street or alley."

For the purpose of the argument, it will be assumed that plaintiff approached the alley from private property. Starting from that premise, did she make a case for the determination of the jury? She testified positively that in the darkness she fell into the excavation. It did not end at a perpendicular wall along the lot line across the alley. From the bottom of the excavation at the south end the ground sloped southward to the original surface of the alley. The dangerous conditions, therefore, did not terminate at the south lot line of E street, but extended farther into the alley adjacent to private property. The sloping area south of the street line was part of the excavation itself. Around it the traffic, by the acts of defendants, was turned from the sidewalk to the path. These facts and conclusions may fairly be inferred from the evidence. Under such circumstances, the duty to protect the public extended to the southern extremity of the excavation. Injury could reasonably have been foreseen. The alley was a public way to which defendants had access. They could have given protection from the alley without trespassing on private property. A city should exercise ordinary care to

protect the public from the dangers incident to grading and paving, and this duty extends to guarding street and alley excavations dangerously near sidewalks or paths to which traffic is diverted by the making of the improvements. *City of Lincoln v. Beckman,* 23 Neb. 677; *City of South Omaha v. Cunningham,* 31 Neb. 316; *City of Lincoln v. Calvert,* 39 Neb. 305; *Manderschid v. City of Dubuque,* 29 Ia. 73; *Alger v. City of Lowell,* 3 Allen (Mass.) 402; *City of Oklahoma City v. Meyers,* 4 Okla. 686; *Niblett v. Nashville,* 12 Heisk. (Tenn.) 684. In the case last cited the court said: "We think the true rule may be stated to be that if an obstruction or excavation be permitted which renders the alley, street, or highway, unsafe or dangerous to persons or vehicles—whether it lie immediately in or on the alley, street, or highway, or so near it as to produce the danger to the passer at any time when he shall properly desire to use such highway—it is such a nuisance as renders the corporation liable. * * * A party bound to keep a highway in repair and open for the passage of the public in a city by night or by day certainly cannot be held to perform that duty by simply keeping the area of the highway free, while along its edge there is a well or excavation uninclosed, into which the passenger, by an inadvertent step or an accidental stumble, might fall at any time. Such an excavation might be all the more dangerous by being immediately on the side of an alley or street rather than in it, as in the latter case it would be notorious as dangerous, and would be shunned by all; while in the former case no such attention might be directed to it, and the unsuspecting passenger, by a mere accidental step, would be liable to be precipitated into it and thus seriously injured."

The issues of negligence and contributory negligence were questions for the jury. It follows that the refusal to give a peremptory instruction in favor of defendants was not erroneous.

Defendants also insist that there is a material variance between the pleadings and the proofs. They argue that proof of plaintiff's having fallen into the alley from pri-

vate property south of the sidewalk space is a variance from the plea that plaintiff was injured through their negligent failure to protect the sidewalk space on the south side of E street. The refinement is too subtle for the practical application of the law. There was only one excavation. It was made by defendants. Their duty to exercise reasonable care to protect the public from the danger thus created was not limited to the sidewalk space. The excavated area south of it was close to the dividing line. Plaintiff was injured in the darkness, and she was unable to point out the exact spot where she fell. Under these circumstances, defendants could not have been misled to their injury. The rule of the statute is:

"No variance between the allegation in a pleading and the proof is to be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits." Rev. St. 1913, sec. 7706.

The point is not well taken. *Niblett v. Nashville,* 12 Heisk. (Tenn.) 684; *Rea v. Sioux City,* 127 Ia. 615.

Another assignment of error challenges the trial court's refusal to give a requested instruction that plaintiff is not entitled to recover damages, if proper and sufficient barricades and lights, provided by defendants, had been removed by an unknown person before the accident. Under the evidence defendants were entitled to an instruction on this phase of the defense; but their rights were protected by another direction that defendants would not be liable, if they used ordinary care in placing and maintaining barriers and signals.

If there is no mistake in the views already expressed, there is no prejudicial error in the record.

AFFIRMED.

BARNES and SEDGWICK, JJ., not sitting.