JONES *v*. FLORIOS.

Motor Vehicles — Negligence — Contributory Negligence — Directed Verdict.
  Pedestrian who stepped from behind bus in middle of block without first ascertaining whether there was danger, and was struck by passing automobile, was guilty of contributory negligence as matter of law, justifying entry of judgment *non obstante* for defendant, notwithstanding latter was guilty of negligence in driving at excessive speed.

Error to Wayne; Smith (Guy), J., presiding. Submitted June 14, 1929. (Docket No. 84, Calendar No. 34,423.) Decided October 7, 1929.

Case by Leon Jones against Julius Florios for personal injuries sustained in an automobile accident. From judgment for defendant *non obstante veredicto,* plaintiff brings error. Affirmed.

*Ben O. Shepherd,* for plaintiff.

*Woodruff & Woodruff* (*Frank W. Atkinson,* of counsel), for defendant.

Wiest, J. The afternoon of January 27, 1925, plaintiff was a passenger upon a bus, and when the bus reached the end of its run it stopped on the south side of West Jefferson avenue, in the center of a block, and just within the western limits of the city of Detroit. The bus faced east and plaintiff alighted therefrom, walked to the front end and started across the street. As he stepped beyond the bus he was struck on his right forearm by the door handle of an automobile going east on the same side

On liability for injury to pedestrian colliding with side of automobile, see annotation in 25 A. L. R. 1513.

of the street and driven by defendant, and received injury. Plaintiff brought this suit to recover damages, was awarded $1,500 by a jury, but, on motion, the court entered judgment for defendant, under a finding that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff reviews by writ of error, claiming he was not guilty of contributory negligence as a matter of law, and insists the verdict of the jury should control the judgment.

We assume, for the purpose of decision, that defendant was guilty of negligence. The accident happened in the middle of a block, the bus had come from the west, had stopped, was facing the east and upon the right side of the street near the curb. West Jefferson avenue, at that place, was narrow and had a single car track in its center. Defendant's car approached the standing bus from the west at an admitted unlawful rate of speed, and was passing the bus when plaintiff stepped in its path from in front of the bus. Plaintiff claimed that, until he passed the bus, he had no view of traffic approaching from the west, and when he reached a point where he had such view he saw the automobile about 25 feet away, and approaching at a high rate of speed close to the side of the standing bus, that he attempted to step back, threw his arms up and outward, and a door handle of the automobile struck his right forearm. Defendant claimed that plaintiff suddenly walked from in front of the bus into the side of his automobile. The injury received by plaintiff lent some probability to this claim, but plaintiff's claim that he threw his arms up also explained why he was not struck by any other part of the automobile.

Walking from behind and going beyond a standing vehicle, into the pathway open to traffic, is a fruitful

source of accident, and an ordinarily prudent man will, in view of the possible danger in doing so, exercise the essential precaution of ascertaining whether the way is open, and may reasonably be expected to remain open to his crossing. Plaintiff's own showing was that he could not ascertain, by view, the danger he encountered until he was in a place where a view and the danger were simultaneous and there was no escape. He was careless. Common sense so dictates, and the law so holds. Citation of authority would be superfluous.

The court was right, and the judgment is affirmed, with costs against plaintiff.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.