THERESA MCDONALD, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED NOVEMBER 23, 1934. No. 29054.

*Reed, Ramacciotti & Robinson*, for appellant.

*Edward J. Shoemaker* and *Kennedy, Holland & DeLacy*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

PAINE, J.

This is an action for personal injuries, which occurred when plaintiff was knocked down by a street car, the action being founded upon the alleged negligence of the motorman. At the close of plaintiff's testimony, the defendant's motion for an instructed verdict was argued for several hours, whereupon the court sustained the motion, and directed a verdict for the defendant.

The facts in the case may be briefly stated as follows: On March 18, 1932, the plaintiff and her friend, Miss Ruth Smith, walked west on Farnam street in Omaha to the corner of Park avenue, at which place Miss Smith intended to take a street car approaching from the east, that being a regular stopping point. The plaintiff left her friend and walked to the corner, and started to turn south, in front of the approaching street car, to cross the street. The car at that time was still in motion, and within perhaps seven feet of her. She took a couple of steps upon the track, and testifies that the car plunged forward and hit her, knocking her down, but stopping before it reached her feet, which were lying across the rail. There is no dispute in the evidence but what she suffered serious injuries. The humerus of her left arm was fractured, her left clavicle and scapula were torn loose from their attaching ligaments, her wrists were sprained, and she received numerous bruises, which necessitated her remaining in the hospital for some weeks and incurring a large bill for X-rays, doctor bills, and hospital care. Miss Smith testified that the car slid along fairly fast past the place where she was standing, and slowed up "very jerky."

In order to constitute actionable negligence, there must exist three essential elements: The duty, or obligation, which the defendant is under to protect the plaintiff from injury; a failure to discharge that duty; and injury resulting from the failure. A person who is upon a public street, of which a street railway company has

been permitted to use a portion, does not become a trespasser by entering upon the track of the company on such street, since travelers have an equal right with the street railway company to use such street. A motorman must at all times so regulate the speed of his car as to have it under reasonable control, particularly when approaching a street crossing. *Langenfeld v. Union P. R. Co.*, 85 Neb. 527; *Mercer v. Omaha & C. B. Street R. Co.*, 108 Neb. 532; *Westover v. Hoover*, 94 Neb. 596; 60 C. J. 384.

The third paragraph of the answer filed by the defendant in this case reads as follows: "For further answer, the defendant affirmatively alleges that the plaintiff did carelessly and negligently step into the path of the oncoming street car from a position of safety, at a time when she saw or should have seen the oncoming street car, and that the alleged injuries said to have been received from said accident were due entirely to the negligence of this plaintiff."

The defendant insists that the evidence discloses that the plaintiff stopped two steps away from the street car track; that she observed the street car approaching her about seven feet away, and that it was still in motion, somewhat jerkily, and that she then stepped forward two steps, and the street car struck her; and insists that, even though the plaintiff thought the car was slowing down to a stop, the proximate cause of the accident was her own contributory negligence, which was more than slight.

In the case of *Troup v. Porter*, 126 Neb. 93, Judge Troup came from the sidewalk between two parked automobiles and stepped in front of the car of Mrs. Porter before she had time to put brakes on, and this court held that his negligence was, as a matter of law, more than slight when compared to the negligence of the defendant.

This comparative negligence statute, section 20-1151, Comp. St. 1929, has been before this court many times,

and in *Morrison v. Scotts Bluff County,* 104 Neb. 254, it was stated: "The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of the plaintiff was slight and the negligence of defendant was gross in comparison therewith."

It has been the settled rule in this state, that, where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury, but on the other hand, where the evidence shows beyond reasonable dispute that the plaintiff's negligence is more than slight as compared with the defendant's negligence, then it is proper for the trial court to instruct the jury to return a verdict for the defendant. *Anderson v. Altschuler,* 125 Neb. 853; *Kudrna v. Sarpy County,* 125 Neb. 83; *Allen v. Omaha & S. I. R. Co.,* 115 Neb. 221; 25 R. C. L. 1283, sec. 135; *De Griselles v. Gans,* 116 Neb. 835; *Richardson v. Southern P. R. Co.,* 88 Cal. App. 648.

While, as stated, cases involving contributory negligence should ordinarily be submitted to the jury, yet this is not necessary if the trial judge has decided in his own mind and the evidence clearly shows that the plaintiff is guilty of more than slight negligence, which will defeat a recovery, and require the setting aside of any verdict returned, if a motion for a new trial is filed.

We hold in this case that reasonable minds could not find from the evidence that plaintiff's negligence was but slight in comparison with the negligence of the defendant, and that the action of the trial court, in directing a verdict for the defendant, was right, and the same is hereby

AFFIRMED.