LESTER DAVIS, APPELLEE, V. LAWRENCE BIXBY, APPELLANT.

270 N. W. 834

FILED JANUARY 5, 1937. No. 29737.

*Robert O. Reddish*, for appellant.

*S. L. O'Brien, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

DAY, J.

This is an appeal from a judgment entered upon a verdict of a jury in an action to recover a commission for the purchase of cattle for the defendant.

The plaintiff alleges that he had an oral contract with the defendant by which he was employed to purchase 406 head of cattle, for which service he was to be paid one dollar per head. It is further alleged that in pursuance of the agreement the plaintiff negotiated the purchase of the cattle, for which he has received $206 and for which there is due the sum of $200. The defendant's answer was a general denial.

The appellant makes five formal assignments of error which, on account of the nature of the pleadings, may be summarized and stated as the evidence does not support the verdict of the jury. The plaintiff alleged the contract and the purchase of cattle thereunder, together with payment of a part of the contract price. The defendant filed a general denial. This squarely raised an issue of fact which was submitted to the jury under proper instructions. There are no exceptions to the instructions given by the court to the jury. The motion for new trial is not predicated upon an allegation that the instructions were erroneous. A critical examination of the record reveals that the evidence as

to the existence of the contract to pay the plaintiff a commission .for the purchase of the cattle was in dispute. The evidence is amply sufficient to support a finding by the jury that the plaintiff negotiated the purchase of the cattle under a contract with the defendant; that the cattle were transferred to a party designated by the defendant; that, by agreement with the defendant, the plaintiff was paid a part of the commission by the seller of the cattle; and that there is $200 due under the contract which has not been paid.

. As is usual in cases where the parties are operating under an oral contract, there is conflicting evidence as to the material facts of the transaction. But this conflict of evidence is, of course, for the jury to resolve and determine. It is a well-established general rule of law often announced by this court that the credibility of witnesses and the weight to be given their testimony are questions for the jury.

The argument of the appellant that the plaintiff cannot recover because part of the commission was paid by the seller for that one cannot recover from both parties unless it is agreed and understood by all parties to the transaction has not been overlooked. Neither the pleadings nor the evidence raises this issue. There is no error disclosed by the record.

AFFIRMED.