ARTHUR KLEMENT, APPELLANT, V. LAURA LINDELL ET AL.,
APPELLEES.
298 N. W. 137

FILED MAY 9, 1941. No. 31044.

*Dewey Hanson* and *Paul I. Manhart,* for appellant.

*Wear, Boland & Nye* and *Zacek & Nicholson, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

MESSMORE, J.

Plaintiff's action is predicated on defendants' negligence in causing a collision of defendants' truck with plaintiff's automobile, and is for damages sustained by reason of personal injuries. At the close of plaintiff's case, defendants moved for a directed verdict which was sustained. Plaintiff appeals.

The acts of negligence charged against defendants, briefly stated, are as follows: Defendant Boyer, driver of the truck, was negligent in that he did not stay in the usual line of travel or avail himself of the opportunity to safely pass behind plaintiff when there was ample room to do so, or to stop the truck. He violated the plaintiff's right to pass through the intersection first, plaintiff having entered the intersection from the right, and in not slowing down, but in driving at a speed of 55 miles an hour in violation of law. Defendants' answer alleged contributory negligence on plaintiff's part more than slight; that plaintiff's negligence constituted the direct and proximate cause of the accident. The reply was a general denial.

The record discloses that plaintiff, a farmer, 49 years of age, with his family, residents of Minnesota, left their

home April 2, 1939. Plaintiff drove a two-door 1930 model Chevrolet. On April 3, between 5:15 and 5:30 p. m., plaintiff was proceeding south on a graveled highway, No. 31, in this state. On the trip the car had been driven at a speed of from 40 to 45 miles an hour, and, on account of loose gravel on highway 31, the speed was lessened to 30 or 35 miles. As plaintiff proceeded south on highway 31, he was confronted by and saw different signs, indicating the traffic procedure on the highway; that is, slow signs and signs indicating traffic to different towns, junction sign and stop sign near the intersection. Highway 31 runs north and south; highway 36 east and west, intersecting No. 31. Highway No. 8 joins highway 36 at a distance of 450 feet or more east of the intersection of highways 31 and 36. Highway No. 8 runs in a southeasterly direction from highway 36, and where No. 8 joins No. 36, highway 36 is designated 36 and 8. Two hundred feet north of highway 31, plaintiff noticed a state highway sign; then looked to the left, or east, and kept his eyes on the traffic lane of highway 36, as he approached the intersection. On his left, at a distance of about 300 feet was a farm house. Between this house and the fence line on highway 31 were some small and medium-sized trees and small brush; at the corner of the intersection was a large tree. As plaintiff approached the intersection he reduced his speed to 20 miles an hour. He noticed a stop sign as he came up to it.

Plaintiff's testimony as to just where he stopped before entering the intersection is contradictory, but, briefly summarized, is as follows: The stop sign is 21 feet north of the north edge of the paved highway, No. 36. Plaintiff testified he stopped 25 feet north of the center of the highway, which is 18 feet in width; therefore, he stopped 16 feet from the north edge of the pavement. In another part of his testimony he stated that he stopped 26 feet north of the north edge of the pavement. In still another part, he testified he stopped 10 feet north of the stop sign. There is a dispute as to whether, if plaintiff stopped at the stop sign, as he claimed, his view was obstructed to the east

by the brush and trees and by the large tree at the corner.

After stopping, the plaintiff proceeded to cross the intersection at a speed of from zero to five miles an hour. The testimony of members of his family fixed the speed at a maximum of six or seven miles an hour. As plaintiff proceeded into the intersection three to five feet, he looked to the east and for the first time saw defendants' truck approaching from a distance of 100 to 150 feet and at an estimated speed of 55 miles an hour. The truck had come off highway No. 8 onto highway 36, which is level from such point. At the rate of speed at which plaintiff approached the intersection,—20 to 25 miles an hour,—he testified he could have stopped his car, which had good brakes, within a radius of eight to ten feet, and at the rate at which he crossed the intersection,—five miles an hour,—he could have stopped his car within a radius of five feet. If the plaintiff's evidence is to be believed, that he stopped 25 feet north of the center of the highway and proceeded two feet south of the center at five miles an hour, he traveled 27 feet before the impact, which would take him approximately four seconds. If he stopped 26 feet north of the north edge of the pavement, he would then travel, before the impact, 26 feet and 11 feet in and across the intersection, in all 37 feet, which would require five to six seconds. If he stopped 10 feet north of the stop sign, as he further stated, he would then proceed 21 feet to the north edge of the pavement and 11 feet across the intersection, or a distance of 42 feet, which would require from six and a half to eight seconds.

Plaintiff's contention is that his view was obstructed to the east. This is probably true, if he stopped even with the stop sign. However, one exhibit shows a clear view to the east at this point. Plaintiff's testimony is indefinite as to where he stopped; therefore, we are unable to determine accurately whether his view was obstructed. In any event, there is evidence that, at least at two places where he stated he stopped, his view to the east was not obstructed. At the time of the impact the plaintiff's car was two feet

beyond the center of the intersection. The right corner of the right front bumper of the truck struck ahead of the left rear fender of plaintiff's car, the running board thereunder, and tore the left front fender. Plaintiff's car was 14 feet in length, bumper to bumper, which would indicate that 12 feet of the car still remained north of the center of the intersection. The paving on highway 36 at the intersection is 18 feet in width. Plaintiff and the occupants of his car were thrown from the west side of the car.

When plaintiff saw defendants' truck coming, he did not accelerate his speed, but continued to move straight across the intersection and merely pulled his car slightly to the right. He testified the truck veered to the left. When the plaintiff first saw the truck, it was straddling the center line of highway No. 36. After the collision the truck was facing south and west of the center of the highway; the plaintiff's car to the west. Members of the plaintiff's family corroborated his testimony, except that his wife fixed the speed of the truck at 75 miles an hour. There is testimony that plaintiff shifted gears in entering the intersection.

The plaintiff contends that the court erred in directing a verdict; and further that the plaintiff made a case sufficient to warrant submission to the jury.

Being cognizant of the rule, requiring the admission of the truth of all material and relevant evidence submitted on behalf of the party against whom a motion for a directed verdict is made, and that said party is entitled to have every controverted fact resolved in his favor, and, in addition, the benefit of every inference that may be reasonably deduced from the facts in evidence (*Moncrief v. Interstate Transit Lines,* 129 Neb. 168, 261 N. W. 163), we consider the evidence in conformity to the rule.

The plaintiff further contends that he entered the intersection first and had the right of way over vehicles approaching from his left,—in this case the truck was coming from the east, or left,—citing section 39-1148, Comp. St. Supp. 1939.

After entering the intersection the plaintiff still had a

duty to perform; to use reasonable care in driving his car with respect to approaching traffic, and to consider the condition of the highway and the protection of life, limb and property.

We have heretofore set out the distances which the plaintiff traveled in and across the intersection from the various points where he stated he stopped. When he first looked to the east, he did not see the truck; he could see for a distance of about 300 feet east; he could not see where highway No. 8 intersected highway 36. Plaintiff estimated the speed of the truck, when he first saw it, at 55 miles an hour, and, at such a rate of speed, it would travel a distance of 160 feet within approximately two seconds. The plaintiff made no attempt to accelerate his speed, to clear a path for the driver of the truck to pass behind him, and made no effort to stop, to enable the defendant driver to proceed in front of him to the left, but he kept on going at the same rate of speed across the intersection and pulled his car only slightly to the right. If the plaintiff's testimony is true, it is obvious, under the circumstances, that defendants' truck could not have cleared the plaintiff's car to the right. Plaintiff, by his own negligence, failed to see the truck when he was in a position to see it, and, when he did see it, continued a negligent course of conduct by driving directly in front of the truck, thereby exposing himself to danger that was imminent. His failure to use proper precaution, under the circumstances, makes him guilty of contributory negligence more than slight.

"Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause." 45 C. J. 942. See *Eaton v. Merritt,* 135 Neb. 363, 281 N. W. 620. Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence. *Welsh v. City of South Omaha,* 98 Neb. 148, 152 N. W. 302.

The evidence in the instant case establishes that the plaintiff was guilty of negligence more than slight; it becomes a question of law for the court, and it is the duty of the court to direct a verdict for the defendant. *Ritter v. Hering,* 135 Neb. 1, 280 N. W. 231; *Eaton v. Merritt, supra; McDonald v. Omaha & C. B. Street R. Co.,* 128 Neb. 17, 257 N. W. 489.

For cases holding a driver, such as plaintiff, guilty of contributory negligence more than slight, under like or similar circumstances, see, also, *Huber v. Paquette,* 293 Mich. 370, 292 N. W. 334; *Whittaker v. Hanifin,* 138 Neb. 18, 291 N. W. 723; *Davis v. Hoskinson,* 228 Ia. 193, 290 N. W. 497.

Other assignments of error need not be discussed.

AFFIRMED.