ORVILLE M. GRANTHAM, SPECIAL ADMINISTRATOR, APPEL-
LANT, V. WATSON BROTHERS TRANSPORTATION
COMPANY ET AL., APPELLEES.

6 N. W. (2d) 372

FILED NOVEMBER 20, 1942. No. 31355.

*Wear, Boland & Nye,* for appellant.

*Votava & McGroarty* and *Eugene Fitzgerald, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CAR-
TER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover from Watson Brothers Transportation Company, hereinafter called the "Watson company," and Pauline Backes, defendants, damages in the sum of $25,299.25 for alleged negligence causing the death of Juel Grantham who left surviving him his widow and three minor children. Orville M. Grantham, special administrator of decedent's estate, is plaintiff.

Juel Grantham was fatally injured in a motor-vehicle accident east of the intersection of Center and Fifty-fifth streets in or near Omaha about 1:25 o'clock on the morning of July 17, 1940. At that time and place a motor truck or an International tractor with a semitrailer attached, owned by the Watson company, headed westward, was standing on the north side of Center street. Driving westward in a Plymouth sedan on Center street, Pauline Backes, defendant, while passing the trailer on the left or south side, struck Juel Grantham.

In substance the petition alleged that the Watson company was negligent in leaving the tractor and trailer in the street at night without flares or other warning signals; in removing from the tractor a two-tire wheel of the same color as the highway and in leaving it in the street in the line of public travel. It was further alleged that the placing and leaving of the wheel in the street at night without any warning of any kind were also acts of negligence which caused the automobile driven by Pauline Backes to go out of control and fatally injure Juel Grantham.

In the answer, the Watson company, defendant, admitted that at the time and place alleged in the petition Juel Grantham was struck and fatally injured by an automobile driven by Pauline Backes. It was alleged that the accident was not due to any negligence of the Watson company and that the damages of which plaintiff complains were caused by the negligence of Pauline Backes; that negligence of Grantham contributed to the collision and was more than slight. The reply was a general denial.

In the course of a trial before a jury, the parties rested after adducing their evidence. The trial court sustained a motion by the Watson company, defendant, to dismiss the action as to it for failure of plaintiff to make a case. On motion of plaintiff the action was dismissed without prejudice as to Pauline Backes, defendant. Plaintiff appealed from the nonsuit.

The question for determination on appeal is the sufficiency of the evidence to make a case for submission to the jury

on the issues of negligence and proximate cause between plaintiff and the Watson company, defendant.

Some of the facts shown by the record without dispute are: The fatal accident occurred in Center street near the intersection at Fifty-fifth street. Fifty-fifth street runs directly north and south and crosses Center street which runs northeast and southwest at the intersection. The tractor was owned by the Watson company and had been driven westward along the north side of Center street and parked several feet east of the east line of Fifty-fifth street by E. H. White who was in charge of it as the owner's employee. By telephone he called mechanics in the employ of the Watson company to make repairs. They came in a light truck, parked it in front of the tractor and removed the left, or south rear tractor wheel. At the time of the accident, the driver of the truck, the two mechanics and Juel Grantham were in Center street south of the tractor and trailer. A Plymouth sedan driven westward by Pauline Backes on Center street struck and fatally injured Grantham.

The driver of the tractor testified in substance that he did not leave lights on it or on the trailer or put flares in the street or display a flag or give warning of any kind; that he held a flashlight for the mechanics while the wheel was being removed; that Juel Grantham was standing by him in Center street at the time.

A witness testified she was riding in the front seat of the Backes car, the Plymouth sedan, looking straight ahead as it approached the intersection on the north side of Center street near the center line thereof; nothing to show the truck; did not see it; night, dark; not a light on the truck. This witness said: "We struck those tires." She testified further that, when she got out of the Backes car, the man later identified as Juel Grantham was lying on the street; that the tires were next to the front end of the sedan and that the man was beyond the tires. There was other evidence of a rubber mark on the front bumper of the sedan after the accident.

Another occupant of the Plymouth sedan testified she was

looking straight ahead while approaching the Watson company truck; that there were no lights or flares of any kind on the street in the vicinity of the truck; that the Plymouth sedan passed the rear end of the trailer. In answer to a question, this witness testified further: "Well, we struck something. There was a thud, and then I saw something dark go bounding and rolling down the street ahead of the car. It sort of turned and went over toward the curb, to the right, that is. It is then our car struck the Watson Brothers truck. It seemed to me as though after we struck this object, whatever it was, that we were hurled over into the truck. In other words, we were clearing the truck. We did not hit the truck until we struck the object."

Police officers who said they arrived at Fifty-fifth and Center streets within a few minutes after the accident testified there were then no flares or other lights or danger signals on the truck or in the street by it. Exhibits show that the right front end of the sedan and the left fender of the tractor were smashed.

Plaintiff's theory is that the Plymouth sedan first struck the tires, went out of control through the negligence of the Watson company and struck Juel Grantham, thus causing or contributing to his death.

The Watson company contends that, at the time of the accident, Grantham was farther east than the wheel and that he was struck by the west-bound sedan before it reached the wheel; that the rear end of the trailer was undamaged and that the absence of flares and of other danger signals was not the proximate cause of the accident and did not contribute to it.

The record contains evidence in support of the Watson company's defense. There is proof that the wheel, as soon as it was removed from the tractor, was pushed forward or westward and placed beside the left fender of the tractor; that Juel Grantham was then standing farther out in the street and farther east at the time of the collision; that, approximately eight or ten feet from the north curb of Center street where the tractor and trailer were parked, there

were lights in the Bird House Café and illuminated advertising signs in front of it and that there was a street light at the intersection.

There is, however, other proof that the mechanics, while removing the wheel and while at work on the brake, and Juel Grantham, were in the shadows of lights from the Bird House Café and from the signs in front of it, and that the street light was at the northwest corner of the intersection, that Juel Grantham was a bystander. There is no evidence that he had a part in the parking of the tractor and trailer at night in the street or in the placing of the wheel in the line of travel without any warning by flares or other signals of danger. There is nothing in the record to prove he was under obligations to remove obstructions from the street or that he was chargeable as a matter of law with such contributory negligence as to prevent a recovery by plaintiff.

It was the duty of the operator of the motor truck, immediately after parking it in the highway during the period between one-half hour after sunset and one-half hour before sunrise, to put flares at the places designated by statute. Comp. St. Supp. 1939, sec. 39-11,112; *Gleason v. Baack,* 137 Neb. 272, 289 N. W. 349; *Simonsen v. Thorin,* 120 Neb. 684, 234 N. W. 628. The evidence on the issue of the Watson company's negligence, causing or contributing to the fatal collision, was in conflict.

In determining the sufficiency of the evidence herein to make a case for submission to the jury, the court must be guided by the following rules of law:

"The credibility of witnesses and the weight to be given their testimony are questions for the jury." *Davis v. Bixby,* 132 Neb. 25, 270 N. W. 834; *Burry v. Interstate Transit Lines,* 136 Neb. 695, 287 N. W. 66.

"Where evidence is in conflict and such that reasonable minds may draw different conclusions therefrom, the questions of negligence and comparative and contributory negligence are for the determination of the jury." *Parks v. Metz,* 140 Neb. 235, 299 N. W. 643. See *Lieb v. Omaha & C. B. Street R. Co.,* 119 Neb. 222, 228 N. W. 364.

"If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured." *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19.

"A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." *Moncrief v. Interstate Transit Lines,* 129 Neb. 168, 261 N. W. 163.

In view of these established rules of law, the conclusion is that the evidence, considered in its entirety from every standpoint, was sufficient to make a case in favor of plaintiff for the determination of the jury on the issue of the Watson company's negligence, causing or contributing to the death of Juel Grantham. It follows that the trial court was in error in directing a nonsuit. For that error the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on motion for rehearing was filed April 9, 1943.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

Our former opinion in this action is found *ante,* p. 362, 6 N. W. (2d) 372.

We granted an oral argument on the motion for rehearing limited to two questions. Was the deceased guilty of contributory negligence as a matter of law? What duty did those using the highway owe to the deceased?

Supplementing the statement of facts shown in our previous opinion the following evidence should be added.

As it relates to the deceased, the plaintiff's evidence disclosed only that, after the Backes car came to a stop, the deceased was lying close by the left front end of the Backes car. Plaintiff's evidence did not disclose how the deceased happened to be in the street, what he was doing, or how long he had been there before the fatal accident. Contributory negligence of the deceased was not shown when plaintiff rested.

Defendant's evidence shows that the deceased, sometime before the accident, had been in the café, left and walked east therefrom along the sidewalk. Later when the defendant's employees were working on the truck and defendant's driver was standing in the street, holding a flashlight on the part being repaired, the deceased came along the sidewalk going west, left the sidewalk, came around the front of the truck into the street, asked what was wrong and stood by and to the east of the driver talking with him and watching the work being done; he was there when the wheel was removed; he was not assisting in the work in any way; and he remained there for a period of from four to six or not to exceed ten minutes before he was struck by the Backes car. Plaintiff offered no evidence in rebuttal.

From the undisputed evidence of the defendant it appears the deceased went into the street and remained there as an onlooker; and that the position of the truck, lack of lights, flares and warning signal devices, and the location of the dual wheel, were all known or were patently visible to the deceased for some minutes before the accident.

Deceased remained there under those conditions until he was injured. Defendant relying largely on *Levine v. Shell Eastern Petroleum Products,* 73 Fed. (2d) 292, argues that the same facts that tend to establish the negligence of the defendant Watson Brothers Transportation Company likewise tend to establish the negligence of the deceased, and that deceased's care for his own safety diminished in the exact proportion that the negligence of the Watson company increased. We are unable to follow that line of reasoning.

As shown by plaintiff's evidence the Watson company's negligence consisted in leaving its equipment on the highway, without lights or flares, and in putting the dual wheel in the traveled portion of the highway, and in its taking no action to warn those using the highway of the conditions of danger which it had created. The deceased's negligence, if any, was not in doing those things, but in going into and remaining in the street where those conditions existed.

We have held: "Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence." *Welsh v. City of South Omaha,* 98 Neb. 148, 152 N. W. 302, last followed in *Klement v. Lindell,* 139 Neb. 540, 298 N. W. 137.

We have also held: "A person who knowingly and of his own volition exposes himself to an obvious danger cannot recover damages for any injury which he might have avoided by the use of reasonable care." *Kerwin v. Thompson, Belden & Co.,* 110 Neb. 251, 192 N. W. 692.

The questions then for determination are whether or not the deceased was in the exercise of ordinary care in going into and remaining in the street under the circumstances there existing; could he have avoided injury to himself by the use of reasonable care; and if he was guilty of contrib-

utory negligence was that negligence more than slight so as to bar recovery under the provisions of section 20-1151, Comp. St. 1929? As we view it these are questions to be determined by a jury and that the facts shown do not establish contributory negligence which as a matter of law prevents recovery.

Defendant further contends that the deceased was merely loitering on the highway, and was not "actually making viatic use of the highway," and that it owed him no duty "except not to wantonly or intentionally injure him," citing 45 C. J. 840, and *Cooper v. Teter*, 15 S. E. (2d) (W. Va.) 152, and *Conner v. East Bay Municipal Utility District*, 8 Cal. App. (2d) 613, 47 Pac. (2d) 775.

We have held that, "When one engaged in the lawful use of the highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows that said obstruction is calculated to do injury to travelers upon said highway." *Simonsen v. Thorin*, 120 Neb. 684, 234 N. W. 628. It is clear then that the defendant owed the duty of ordinary care to prevent injury to the deceased unless the fact that deceased was a bystander on the highway prevents the application of the rule. We are not prepared to say that the mere fact that deceased walked into the street and stopped for the purpose of observing what was going on there relieves the defendant from liability to him for the results of its negligence. The controlling fact is that the deceased was in the street, and not the intent he had in being there.

The liability of the defendant is predicated upon the facts which plaintiff's evidence tends to establish. The deceased's liability for negligence or contributory negligence is predicated upon the fact that he went into and remained in the street under the circumstances then existing.

In *Brenning v. Remington*, 136 Neb. 883, 287 N. W. 776, we reviewed the authorities dealing with the question of a person who is injured while standing in a street. They will not be repeated here.

It is admittedly difficult to find cases in point on all the facts. We cite the following cases as supporting the conclusion we have reached in this matter.

In *Shore v. Minter*, 160 Minn. 215, 199 N. W. 744, plaintiff had been standing at an intersection talking for "a few minutes" with one foot on the curb and one foot in the street. While in that position she was struck by a truck driven by defendant. Neither party saw the other. Contributory negligence was claimed. The court held that a jury question was presented.

In *Walters v. Rowls*, 105 Ind. App. 632, 16 N. E. (2d) 969, plaintiff Rowls had been standing in the street at the side of defendant Walters' truck which was out of gas at night and without lights required by statute. Rowls saw the car of Pense approaching from the rear, and Rowls left his place in the street, walked around in front of the Walters' truck for the purpose of getting off the pavement. The Pense car hit the Walters truck and it in turn hit Rowls. Walters contended that Rowls was a spectator or bystander with full knowledge of the fact that Walters had not complied with the provisions of the statute as to lights and flares and was therefore guilty of contributory negligence as a matter of law. The trial court held that a jury question was presented and that judgment was affirmed.

In *Perrodin v. Thibodeaux*, 191 So. (La. App.) 148, the deceased was standing on the pavement, at 8 p. m., beside a car parked in front of a village store. Several men were standing beside or leaning against the car. Deceased was run into by a negligently operated truck of the defendant. The court asked this question: "Was the deceased guilty of contributory negligence in standing on the paved portion of the highway beside the parked car, and in his failure to get out of the way of the fast approaching truck?" The court said: "The mere fact that a person is standing on the edge of the road when struck by a car, does not necessarily show contributory negligence on his part as a matter of law, where there is ample room for the motorist to pass, as the pedestrian has a right to assume that the motorist will not, without warning, run over him."

In *White v. Edwards*, 222 Mich. 321, 192 N. W. 560, the plaintiff had walked across the street to talk to the driver of a truck to see if he could get a ride to a near-by town. He stood there for about three minutes. Defendant's automobile struck plaintiff while he was standing beside the truck. It was contended that plaintiff was not "walking" within the provisions of a statute determining the duty of one using the highway. The court declined to give "a narrow, limited construction," saying that such statutes are designed to protect life and limb and further said: "Numerous decisions of courts of last resort hold, and we think they should be followed, that one injured while momentarily standing in the highway and when not in motion is not *per se* guilty of contributory negligence, and that the offending party is not exonerated from all duty and from liability by the fact that he is not in motion." (Citing cases.)

The question of defendant's negligence, if any, and deceased's contributory negligence, if any, are jury questions to be determined by the rules as to ordinary care.

The motion for a rehearing is denied.