THEODORE L. GADE, APPELLANT, V. CHARLES CARLSON ET AL., APPELLEES.

48 N. W. 2d 727

Filed July 16, 1951. No. 32989.

*Gaines, Shoemaker & Crawford, Tyler B. Gaines* and *Lawrence Fredericksen,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff filed a petition asking damages for personal injuries against the driver of a car, Fort Crook Bus Lines, a copartnership operating a bus line, and the members of the copartnership. Service was not had on the driver of the car. The action proceeded against the remaining defendants. At the close of plaintiff's evidence, on motion of defendants, the trial court discharged the jury and dismissed the action. Plaintiff appeals. We affirm the judgment of the trial court.

The accident happened in May 1943. Petition was filed in April 1944. Trial was had in December 1950. From the briefs it appears that trial was delayed pending

unsuccessful efforts to get service on the driver of the car.

We review the evidence in accord with the established rule that a motion for a directed verdict is treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and that such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the facts in evidence.

The accident happened shortly after 8 a. m. The weather was clear and visibility was good. The place of the accident was on the highway that runs generally north and south along the west side of the military reservation of Fort Crook, south of Omaha. The highway is a 4-lane highway, two lanes for southbound and two lanes for north-bound traffic, with a parkway between.

Plaintiff was and had been for two years prior thereto a stationary engineer at Fort Crook. He lived in Omaha and used defendants' busses to go to and from Fort Crook. On the morning in question he finished work at 8 a. m., and boarded a bus of defendants to go to Omaha as was his custom. He was a compensation-paying passenger.

The bus was about 8 feet wide, 20 feet long, with the engine in the rear, and built so that the front was straight up and down and taller than the plaintiff. It was equipped with rear view mirrors inside and outside for the use of the driver. It had windows in the rear through which the driver and passengers could see.

When the bus left the Fort Crook loading station it turned south and away from the direction to Omaha. Plaintiff told the driver that he wanted to go to Omaha. The driver told him he would put him on another bus to Omaha. A north-bound bus was seen approaching some distance to the south. The driver flagged that bus and stopped the bus in which plaintiff was riding

at a point about 3 blocks south of the starting point and along the west shoulder of the highway. It was not a regular stop or a crossing, but just alongside the highway. At the trial plaintiff testified that the driver told him to get out and cross over and get on the other bus. In his deposition taken earlier, he testified that the driver said nothing to him when he got off. The driver opened the door and plaintiff alighted on the gravel alongside the pavement. The driver made a motion to plaintiff to go around in front of the bus, which remained in position. At the trial plaintiff testified that he did not, at that point, look to the north or to the south. When his deposition was taken he testified that he looked north and south at that time.

In any event, plaintiff testified that he started across the highway in front of the bus and close enough to touch it. He went to the left front corner of the bus and stopped and looked "catty-corner across the road." He then stepped out into the highway two or more feet farther when he was hit by a south-bound automobile. He was seriously injured.

Plaintiff pleaded negligence of the defendants in five particulars: (1) In stopping the bus for the discharge of a passenger at a point other than a designated discharge point; (2) in stopping at a point where it was dangerous for a passenger to descend and cross the highway; (3) in directing the plaintiff to descend and cross the highway to board the north-bound bus at the place and under the circumstances mentioned in (1) and (2); (4) in inviting the plaintiff to descend and cross when the driver knew or should have known of the south-bound automobile and the danger to plaintiff; and (5) in failing to warn plaintiff of the approach and proximity of the south-bound automobile.

Defendants by answer denied that they were guilty of any negligence which contributed to or was the proximate cause of plaintiff's injuries and pleaded contributory negligence of plaintiff which was more than slight.

We do not deem it necessary to discuss the question of defendants' negligence.

"A person who knowingly and of his own volition exposes himself to an obvious danger cannot recover damages for any injury which he might have avoided by the use of reasonable care." Kerwin v. Thompson, Belden & Co., 110 Neb. 251, 192 N. W. 692. See, also, Grantham v. Watson Bros. Transportation Co., 142 Neb. 362, 6 N. W. 2d 372, on rehearing, 142 Neb. 367, 9 N. W. 2d 157. "Want of ordinary care, and not knowledge of the danger, is the test of contributory negligence." Welsh v. City of South Omaha, 98 Neb. 148, 152 N. W. 302, last followed in Tite v. Omaha Coliseum Corporation, 144 Neb. 22, 12 N. W. 2d 90, 149 A. L. R. 1164.

The test of the plea of contributory negligence here then is, was the plaintiff exercising reasonable care to avoid an obvious danger in doing what he did?

Plaintiff was on a highway that he had traveled north of the place of the accident for two years at least. He alighted in a place of safety. He started across the street in front of defendants' bus knowing that it shut off his view to the north. His actions clearly demonstrate that he realized there was danger in going onto the highway under the conditions then existing. He proceeded to a place where a full view to the north and the danger from a south-bound vehicle were concurrent. Ordinary prudence would have dictated that he wait in his place of safety until the bus had moved on or go around to the rear of the bus. He did neither. Jones v. Florios, 248 Mich. 153, 226 N. W. 852.

In Troup v. Porter, 126 Neb. 93, 252 N. W. 611, the fact was that Judge Troup came into the street from between two parked cars into the lane of travel of automobiles and was hit and killed. A majority deemed there was negligence shown on the part of the decedent. Defendant knew of the custom of people to cross there. There speed of 25 miles an hour was shown. Here the speed of the automobile that hit plaintiff is not shown.

We there held that as a matter of law decedent in stepping from between two parked automobiles directly in front of defendant's car without looking was guilty of more than slight negligence in comparison with the negligence of the defendant. In McDonald v. Omaha & C. B. St. Ry. Co., 128 Neb. 17, 257 N. W. 489, we denied recovery where plaintiff moved from a place of safety into a place of danger. In Travinsky v. Omaha & C. B. St. Ry. Co., 137 Neb. 168, 288 N. W. 512, we held: "The negligence does not arise from the single circumstance of whether the pedestrian looks or does not look. The determining element in this type of case is the sudden movement into the path of the vehicle followed by almost instantaneous collision." We followed this case in Cuevas v. Yellow Cab & Baggage Co., 141 Neb. 662, 4 N. W. 2d 790. In the Cuevas case we held: "When one, being in a place of safety, sees or could have seen the approach of a moving vehicle in close proximity to him and suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery."

In Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436, we followed the rule that "One who attempts to cross a street between intersections without looking is guilty of such negligence as will bar a recovery as a matter of law. If he testifies that he did look, it is implied that he looked in such a manner that he would see that which was in plain sight, unless some reasonable excuse for not seeing is shown."

It is recognized that plaintiff testified both that he looked and did not look while he was standing on the curb. Thereafter he moved into the front of the bus where he could not see. There in order to see to the north he had to expose himself to danger. This could have been avoided by the exercise of ordinary care.

We are mindful of the contention advanced here that plaintiff was moving under the direction of defendants.

The motion of the bus driver to go in front of the bus was obviously nothing more than an indication that the bus would not move forward until plaintiff had passed across in front. It would not support a finding that plaintiff had lost control of or was not responsible for his own movements. The testimony of the plaintiff shows without dispute that he was in control of his own movements and of his own volition stepped into the place of danger.

Plaintiff's contributory negligence ·bars recovery as a matter of law.

The judgment of the district court is affirmed.

AFFIRMED.