RUSSELL D. JOHNS, APPELLANT, v. CALVIN B. GLIDDEN ET AL., APPELLEES.

114 N. W. 2d 767

Filed May 4, 1962. No. 35104.

*John J. Lawler,* for appellant.

*Fraser, Wenstrand, Stryker, Marshall & Veach,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action for damages sustained by the plaintiff as the result of a collision between a vehicle driven by the plaintiff and an automobile operated by the defendant Calvin B. Glidden and owned by his father, Benjamin Glidden. The trial court directed a verdict for the defendants at the close of plaintiff's evidence and plaintiff has appealed.

The collision occurred on Sunday, April 26, 1959, at approximately 3 p.m., on the concrete apron of Neal's Mobil Service Station located at the southeast corner of the intersection of Maple and Seventy-fifth Streets in the city of Omaha. Immediately east of the service station was an asphalt parking area used by a supermarket. The asphalt pavement of the supermarket was built up to and joined the concrete apron of the service station. The operator of the service station had given directions that the automobiles of employees be parked on the south end of the boundary line between the service station and the supermarket to prevent supermarket customers from driving onto the concrete apron of the service station in the area of the pumps and grease bay doors of the station. On the afternoon of the accident three automobiles and a truck were so parked facing west on the south portion of the boundary line, leaving an open space of approximately 30 feet at the north end. The north car belonged to the plaintiff.

The evidence shows that plaintiff did some repair work on his car on the afternoon in question. Upon completing his work he decided to take a ride in a Go-Kart used as a demonstrator by the operator of the service station. The Go-Kart is described as a four-wheeled vehicle driven by a 2½ horsepower motor mounted just behind the back of the seat. The wheels were 6 or 7 inches in diameter with pneumatic tires. The seat was 6 or 7 inches above the ground. Power was transmitted to one rear wheel by a V-belt. A belt tightener was used in lieu of a clutch, much the same

as in the ordinary power lawn mower. Plaintiff started the engine and proceeded north from the service station building. He lifted the front and back wheels over a water hose that impeded his progress, got back into the Go-Kart, and proceeded north at a slow rate of speed. He proceeded along the front of the parked cars about 3 feet to the west of them. As he came by the northernmost of the four parked vehicles, he was struck by the automobile driven by Calvin B. Glidden. Plaintiff suffered a broken right ankle and other injuries. The Go-Kart was not damaged. Plaintiff states that he did not see the Glidden automobile until the moment of impact. One witness estimated the speed of the Glidden car at 20 to 25 miles per hour as it entered and crossed the supermarket parking lot. A state patrolman testified to skid marks on the pavement from the front wheels of the Glidden car to a point 2 or 3 feet behind its rear wheels.

It was a warm, spring day. The pavement was dry. The supermarket was not open because of it being Sunday. Since the accident happened on private property it is not affected by the statutory rules of the road.

The plaintiff was a former employee of the service station operator. He was familiar with the premises. He drove along in front of the parked cars in the low-slung Go-Kart which, because of the very nature of things, could not be seen by one approaching from their rear. He did not look for cars from that direction and admits that he did not see the Glidden car until the moment of impact. There is evidence of the speed of the Glidden car at the time of the collision as being 10 miles an hour. The physical facts indicate that he was driving at a slow speed in view of the length of the skid marks and the lack of damage to the Go-Kart.

We think the plaintiff was guilty of contributory negligence more than slight when compared with that of the defendant, as a matter of law. He was operating a vehicle which was completely hidden by the parked

cars. He did not look for vehicles approaching onto the service station apron where the owners of vehicles were invited to drive in furtherance of the service station business. The fact that the day was Sunday and the supermarket was closed does not excuse the failure to exercise due care. The nature of the vehicle he was operating, his failure to look for approaching vehicles, and the nature of the circumstances surrounding the accident afford convincing proof of negligence more than slight on the part of the plaintiff when compared with that of the defendant. The case is controlled by the rules announced in Gade v. Carlson, 154 Neb. 710, 48 N. W. 2d 727, and Palmer v. McDonald, 171 Neb. 727, 107 N. W. 2d 655.

The trial court arrived at the same conclusion and, it being correct, the judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.