JOEL ABRAMS, APPELLEE, v. DELWYN B. LANGE, APPELLANT, IMPLEADED WITH CALVIN HAVORKA, DOING BUSINESS AS HAVORKA MOTOR COMPANY, APPELLEE.

63 N. W. 2d 781

Filed April 9, 1954. No. 33466.

*Deutsch & Jewell,* for appellant.

*Mark J. Ryan* and *Clem & Gasser,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Joel Abrams, plaintiff, against Delwyn B. Lange and Calvin Havorka, doing business as Havorka Motor Company, defendants. In the action the defendant Lange filed a cross-petition in which he sought to recover damages from the plaintiff and from the defendant Havorka.

There was a trial to a jury at the conclusion of which a verdict was returned as follows: "We, the Jury duly impanelled and sworn in the above entitled cause do find for the defendant Delwyn B. Lange on his cross-petition and against the plaintiff thereon and do fix the amount of defendant Delwyn B. Lange's recovery on

his cross-petition against the plaintiff at the sum of $none, and do find against the defendant Delwyn B. Lange and in favor of defendant Calvin Havorka on defendant Delwyn B. Lange's cross-petition."

The court made a finding as to the meaning of the verdict and entered judgment on the verdict accordingly.

The finding is that the verdict was a general one in favor of the defendants.

The judgment was that the plaintiff's petition be held for naught and that the cross-petition of the defendant Lange be held for naught.

The plaintiff duly filed a motion for new trial which was sustained. From the order sustaining the motion for new trial the defendant Lange has appealed. The defendant Havorka has not appealed. The parties will be referred to for convenience by their respective names.

The basis of the order vacating the verdict and judgment and granting a new trial does not appear but it is reasonable to assume that it was that the verdict was confusing and in terms did not fully dispose of all of the issues presented for determination.

On its face the verdict effectually disposes of Abrams' cause of action against Lange, although not in specific terms. It does so by the finding in favor of Lange and against plaintiff on Lange's cross-petition. The verdict also disposes of Lange's cross-action against Havorka but it does not dispose of Abrams' cause of action against Havorka.

Havorka does not here complain of the action of the court in setting aside the verdict, therefore it follows that no matter what happens herein as to the verdict Abrams is entitled to a new trial as to him.

The primary question for determination here is that of whether or not the verdict is so uncertain and indefinite as to leave the meaning of the verdict in doubt as to the portion other than that dealing with the cause of action of Abrams against Havorka.

There are other grounds on which Abrams contends

he was entitled to a new trial but from an examination of the record they are found to be without merit.

Without summarizing, it may well be said that there was sufficient evidence to sustain a verdict in favor of Lange on Abrams' cause of action, and for the purposes of this appeal that is the only evidentiary question in which Abrams has an interest.

There is a general and collective complaint that the verdict is contrary to the instructions; that the instructions on the burden of proof are confusing; that the court failed to instruct adequately on concurrent negligence; and that the court gave repetitious instructions on the absence of permanent injury. None of these assignments has substantial merit.

Another assignment is that the court erred in submitting the question of contributory negligence on the part of Abrams. This is without merit. There was ample evidence upon which to submit this question to the jury.

Another is that the court erred in submitting the question of Lange's counter-claim against Havorka to the jury. This is also without merit. The question was properly submissible on the evidence of the parties adduced on the trial.

Returning to the question of the character of the verdict this jurisdiction has no clear precedents leading to an appropriate determination.

As a general rule under precedents of other jurisdictions a verdict will not be vacated on the ground of irregularity if a construction is possible which will make it effective rather than void. It will be declared void only where it is so uncertain that it cannot be clearly ascertained what, if any, issues were passed upon by the jury. 64 C. J., Trial, § 874, p. 1065. It must conform to the pleadings with respect to the names and descriptions of the parties and must be sufficiently definite to make certain the person or persons against whom it is rendered. 64 C. J., Trial, § 877, p. 1070.

Under these rules it is not essential to the validity of a verdict in an action against more than one defendant that the verdict shall dispose of plaintiff's cause of action as to all of the defendants. If it is sufficiently clear to be understood and as understood disposes of a plaintiff's cause of action as to less than all defendants in a case where the plaintiff may maintain action against one or all, the verdict will be upheld.

In Benson v. Southern Pacific Co., 177 Cal. 777, 171 P. 948, it was said: "It has been held in this state that a verdict of the jury against one of two defendants is not a verdict in favor of the other defendant * * *, but as to him is merely a failure of the jury to find upon the issues." This decision was approved by reference in Bosse v. Marye, 80 Cal. App. 109, 250 P. 693.

The same principle was announced in Melzner v. Raven Copper Co., 47 Mont. 351, 132 P. 552; Dunbaden v. Castles Ice Cream Co., 103 N. J. Law 427, 135 A. 886; and Inter State Motor Freight System v. Henry, 111 Ind. App. 179, 38 N. E. 2d 909.

The verdict, in the light of these principles, cannot be said to be irregular. To the extent that it reaches in the disposition of the issues and the parties it is reasonably clear and comprehensible. The disposition as to the parties named therein is full and complete and it is responsive to the issues as defined by the instructions which have already been approved herein. The state of the record at the time the verdict was returned left the action of Abrams against Havorka without disposition.

Thus prior to the entry of judgment on the verdict Abrams was left with a cause of action against Havorka. By the judgment which was rendered on the verdict the cause of action against Havorka was taken away.

By the order granting a new trial this right to prosecute his action against Havorka was restored as well as the right to try his case again against Lange.

In the light of what has been said the trial court cor-

rectly granted a new trial as to Havorka. We think however that the court erred when it granted a new trial to any other party. To the extent that the order granting a new trial goes beyond the grant as against Havorka it appears to run contrary to the rule as announced in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, as follows: "Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured."

Within the meaning of this pronouncement Lange is entitled to the verdict which was returned in his favor.

That part of the order sustaining the motion for new trial of Abrams' action against Lange and of the cross-action of Lange against Abrams and Havorka is erroneous and should be overruled. The portion which grants to Abrams a new trial against Havorka is correct and should be affirmed.

The judgment is affirmed in part and reversed in part, and the cause is remanded with directions to render judgment in accordance herewith.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.