ETHEL ANDERSON, APPELLEE AND CROSS-APPELLANT, V. WAYNE M. NIELSEN, APPELLANT AND CROSS-APPELLEE.

75 N. W. 2d 372

Filed March 9, 1956. No. 33886.

*Moodie & Burke* and *Deutsch & Jewell,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda, Fred S. Jack,* and *Lawrence J. Tierney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law for damages for personal injuries by Ethel Anderson, plaintiff and appellee, against Wayne M. Nielsen, defendant and appellant, growing out of a collision between two automobiles at a highway intersection in Burt County, Nebraska, on November 8, 1953. The action was tried to a jury and a verdict in favor of the plaintiff for $1,689.20 was returned. Judgment was rendered on the verdict. Plaintiff filed a motion for new trial.

The motion was sustained and a new trial was granted. From the order granting the new trial the defendant has appealed. The plaintiff filed a cross-appeal as to the finding of the trial court that the question of contributory negligence had been properly submitted to the jury. What is said hereinafter disposes effectually of both the appeal and cross-appeal with respect to contributory negligence.

By the motion for new trial the plaintiff alleged numerous incidents of prejudicial error in the proceedings on the trial entitling her to a new trial. Two of them only call for consideration herein. By one of these assignments the plaintiff contended that the verdict was

inadequate. By the other it was contended that the court erred in submitting the issue of contributory negligence of the plaintiff which was pleaded as a defense by the defendant. She asserts these incidents of error as reasons why the order granting the new trial was proper.

On the other hand the defendant insists that there was no prejudicial error in the submission of the case to the jury and therefore the trial court erred in sustaining the motion for new trial.

In Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, the court announced certain basic principles to be applied in cases where a motion for new trial has been sustained and an appeal is taken the purpose of which is to reverse an order of the district court setting aside a verdict and granting a new trial as follows:

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured."

"Whether the decision was to grant a new trial or deny one, the questions here are, do the alleged error or errors appear in the record, were they called to the attention of the trial court by the motion, and do they constitute prejudicial error to the party complaining."

"There is no burden in the sense of a burden of proof upon either party. The burden is upon both parties to assist the court to a correct determination of the question or questions presented." See, also, Abrams v. Lange, 158 Neb. 512, 63 N. W. 2d 781.

The background of the proceedings here is substantially the following: On Sunday morning November 8, 1953, at about 9 a. m., Roger E. Anderson was operating an automobile which belonged to him eastward on a graveled road. This road was intersected at a point 3 miles east and about 1½ miles north of Lyons, Nebraska, by another graveled road extending north and south. At the same time the defendant was oper-

ating an automobile owned by him in a northerly direction on the north and south road. The traveled portion of the north and south road was about 22 feet in width and the width of the east and west road was about 18 feet. The plaintiff was riding in the front seat with Roger E. Anderson. Anderson drove into the intersection and after he had passed to the east of the center of the north and south road the front end of defendant's automobile collided with the right rear wheel of Anderson's automobile. As a result of the collision Anderson's automobile was caused to turn around so that its front end was headed west. It came to rest on its right side about 15 or 20 feet east of the point of the collision. The plaintiff was thrown out of the automobile into a barbwire fence and injured. The defendant's automobile was headed south after the collision and it came to rest a short distance north of the point of collision.

Thereafter plaintiff instituted this action for damages. She charged that the collision and her damages were caused by the negligence of the defendant. The negligence of which she complained was specified in her petition but necessity does not arise for setting forth the specifications here.

In his answer the defendant pleaded that the collision was proximately caused by the negligence of Anderson and also that the plaintiff was guilty of contributory negligence.

The concern here is not with the allegations of the answer as to Anderson and the evidence in support thereof but with the charge of contributory negligence against the plaintiff, the evidence to support the charge, and the instructions in relation thereto.

It is apparent from the recitals of the order granting a new trial that the new trial was not granted on the ground that it was error to submit the issue of contributory negligence but on the ground that the verdict was inadequate under the proof of damage.

This court however is required in reviewing an order granting a new trial to consider all of the grounds contained in the motion for new trial and if it is found that on any of them the grant was proper then the action of the district court is to be sustained. Greenberg v. Fireman's Fund Ins. Co., *supra.*

It follows that even if it be said that the ground on which a new trial was granted was not valid still if there was a ground properly asserted which was valid the order of the district court will not be reversed.

Under these rules therefore it is proper for this court to consider the contention of the plaintiff that the issue of contributory negligence was improperly submitted to the jury.

It is of course true that if there was no contributory negligence shown on the part of plaintiff it was prejudicial error to submit that issue to the jury. The controlling rule appears in Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439, as follows: "Where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is prejudicial error to submit such issue to the jury." See, also, Driekosen v. Black, Sivalls & Bryson, 158 Neb. 531, 64 N. W. 2d 88; Scott v. Service Pipe Line Co., 159 Neb. 36, 65 N. W. 2d 219; Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622.

From an examination of the bill of exceptions it appears without question that there was no evidence of probative value that the plaintiff was guilty of any negligence which in any wise contributed to this accident.

The only contention of the defendant in this respect is that he saw the plaintiff wave a gloved hand or hands in a northeasterly direction. From this it is inferred that the attention of Anderson was distracted or his vision was obstructed to the south. The plaintiff had no recollection of waving her hand and Anderson said that his attention had not been distracted and

his vision had not been obscured. He testified that the defendant's automobile was seen constantly by him from the time it was within 100 to 125 feet of the intersection until the collision occurred. This is not proof of contributory negligence.

Contributory negligence has been defined by this court as follows: " 'Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause.' " Eaton v. Merritt, 135 Neb. 363, 281 N. W. 620. See, also, Klement v. Lindell, 139 Neb. 540, 298 N. W. 137; Groat v. Clausen, 139 Neb. 689, 298 N. W. 563; Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764; 65 C. J. S., Negligence, § 116, p. 706.

There is no evidence in the record from which it could be said under this rule that plaintiff was in any wise guilty of contributory negligence. Accordingly on this ground the plaintiff was and is entitled to a new trial.

In the light of these observations it does not become necessary to pass upon the question of whether or not the plaintiff was entitled to a new trial on the ground that the verdict was inadequate.

The order of the district court granting a new trial is affirmed.

AFFIRMED.