C. A. ARNOLD, APPELLANT, V. GLENN R. LANCE ET AL., APPELLEES.

90 N. W. 2d 814
Filed June 20, 1958.   No. 34331.

*Albert Lustgarten, Schrempp & Lathrop,* and *Henry C. Rosenthal, Jr.,* for appellant.

*Fraser, Wenstrand, Stryker, Marshall & Veach,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries sustained when plaintiff was struck by an automobile operated by one of the defendants. A verdict for the plaintiff was returned by the jury. The trial court set aside the verdict and granted a new trial. The plaintiff asserts that the trial court erred in setting aside the verdict. The correctness of the order setting aside the verdict and granting a new trial presents the only issue on this appeal.

The accident occurred at the intersection of Seventeenth and Douglas Streets in the city of Omaha, on Sunday, April 17, 1955. The plaintiff was a bus driver for the Omaha Transit Company. At the time in question he was driving a bus north on Seventeenth Street. There were four driving lanes and two parking lanes on this street. Traffic moved northward only, it being a one-way thoroughfare. Plaintiff moved his bus into the loading zone on the east side of Seventeenth Street about 37 feet short of Douglas Street to unload and take on passengers. He then pulled up to Douglas Street and over the cross-walk. The defendant Joseph G. Lance, the driver of defendants' automobile whom we shall hereafter refer to as Lance, with a companion in the car had stopped at the cross-walk in the second lane west of the east curb of Seventeenth Street to await a green light signal which would permit them to proceed north. Due to the encroachment of the automobile driven by Lance to or into the parking lane, the bus had barely room to pass between the curb and defendants' car. Defendants contend that the bus scraped the fender of the automobile, although the proof of that fact borders on pure speculation and conjecture. Lance became very angry, struck at the plaintiff, and cursed him with filthy and opprobrious language. Thereafter

the plaintiff left the bus and assumed a position about 6 feet in front of the bus and about 1 foot to the left of it, where he proceeded to take the license number of defendants' car. Lance started his car, proceeded north, turned to the right in front of the bus, struck the plaintiff, and proceeded down Douglas Street at a speed of approximately 30 miles an hour.

Plaintiff testified that he was standing at the left in front of the bus, writing down the license number of the automobile, when it suddenly started. He jumped back to gain the protection of the bus, but was struck in the back and thrown to the pavement. Lance stated that he swung out from the side of the bus and turned to the right around the front of it. He stated that he did not know his car struck the plaintiff; that he heard the money changer which plaintiff was holding hit the car or pavement; but that he did not stop to find out what had happened. The statements of the plaintiff were corroborated by several passengers in the bus. The jury believed the plaintiff and his witnesses, and returned a verdict for him. This was the province of the jury under the evidence in the case.

It is urged that a new trial was properly granted because of the failure of the trial court to properly instruct on the issue of contributory negligence. It is contended by the plaintiff that there was no evidence of contributory negligence on the part of the plaintiff, and that the issue should not have been submitted to the jury. The rule is: Where contributory negligence is pleaded as a defense, but there is no competent evidence to support such defense, it is prejudicial error to submit that issue to the jury. Anderson v. Nielsen, 162 Neb. 110, 75 N. W. 2d 372; Fries v. Goldsby, 163 Neb. 424, 80 N. W. 2d 171.

The evidence in this case shows that both the automobile and bus had been brought to a standstill before the altercation between Lance and the plaintiff. Plaintiff left the bus to investigate Lance's charge that the bus

had scraped his fender, and to get the license number of defendants' automobile. There is evidence also that plaintiff was looking about for a telephone to call the police. Immediately prior to the accident plaintiff was standing about 6 feet in front of the bus and about a foot to its left, in plain sight of Lance. The plaintiff was not guilty of negligence under the circumstances shown. He was not required to assume that Lance, for any reason, would drive his automobile in such a manner as to strike the plaintiff, whom he could plainly see. The plaintiff attempted to avoid injury by stepping into a place of safety in front of the bus. The evidence is clear that Lance turned sharply in front of the bus in making his turn onto Douglas Street, knowing that plaintiff was standing in his path. The evidence and circumstances reveal no act of contributory negligence on the part of plaintiff. The question of contributory negligence should not have been submitted to the jury. Consequently the instruction given on that subject was more favorable to defendants than they were entitled to, and it affords no basis for error.

The defendants assert that the verdict was properly set aside and a new trial ordered for the reason that the verdict was excessive. A verdict may be set aside as excessive only when it is so clearly exorbitant as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or that it is clear that the jury disregarded the evidence or controlling rules of law. Southwell v. DeBoer, 163 Neb. 646, 80 N. W. 2d 877.

The evidence as to the extent of plaintiff's injuries is substantially as follows: Plaintiff testified that his arms and shoulders were numb following the accident. He continued to drive a bus until August 1956, when he gave up his employment as a bus driver because of his inability to continue as such on account of the injuries he received in the accident. He took a position as maintenance man for a school district at a beginning

salary of $330 a month. At the time of the trial he was receiving $385 a month, the maximum salary paid for such service. He consulted a physician the day after the accident. The evidence shows that he was under the care of Dr. F. J. Schwertley, who saw him 53 times prior to May 25, 1957. Dr Schwertley described his injuries as follows: He had some soft tissue injuries to the low back region; he had a neuritis, a sore nerve in his right forearm and hand described as the ulnar nerve; and a whiplash injury to the soft tissues of the neck. His right arm appears to have been injured, particularly in the area of the elbow. He had suffered pain and discomfort since the accident and was suffering some pain and discomfort in the neck and low back areas at the time of trial. He is unable to lift heavy objects due to his low back condition, and appears to have a weakened right arm. Dr. Schwertley estimates a permanent partial disability to the right elbow of from 15 to 20 percent. Dr. Frank Iwersen, defendants' physician, was of the opinion that no permanent disability would result from his injuries.

Plaintiff was 44 years of age at the time of the trial, and had an expectancy in excess of 24 years. He has suffered some loss of earning capacity since the accident. The evidence is that he suffered pain and physical discomfort from the time of the accident to the time of trial. The verdict and judgment were for $10,000. No method of exact computation has been devised for measuring the damages in this type of case. The amount to be awarded rests largely in the discretion of the jury, and courts hesitate to interfere unless the verdict is demonstratively excessive. We think the verdict is within the range that a jury could return without interference on the part of the court on the ground of excessiveness.

The defendants complain that certain evidence as to the actions and conduct of Lance resulted in passion and prejudice. The evidence was admissible as tending to

show that Lance intentionally ran the plaintiff down, or at least took no precautions to avoid the accident. The claim of passion and prejudice would be as valid in a subsequent trial the same as here. We must assume that the jury considered the evidence fairly and impartially as it was instructed to do. Competent evidence must be admitted, even if it has some potential sources of prejudice in it.

We think the case was properly and fairly tried, and that the plaintiff is entitled to the benefit of the verdict he obtained. The trial court erred in vacating the verdict and judgment. The judgment is reversed and the cause remanded with instructions to reinstate the verdict and judgment for the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.