# No. 19,388.

## DAN PLETCHAS *v.* KURT VON POPPENHEIM.
### (365 P. [2d] 261)

Decided October 2, 1961.   Rehearing denied October 23, 1961.

Messrs. Wormwood, O'Dell and Wolvington, for plaintiff in error.

Messrs. McCarthy and White, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

Kurt Von Poppenheim prevailed before a jury in his suit to recover damages for injuries alleged to have been sustained by him while a passenger in a car owned and operated by Dan Pletchas. Grounds for reversal of the judgment entered on the verdict are: (1) error in refusing to direct a verdict in favor of Pletchas when the evidence established as a matter of law the contributory negligence and assumed risk of Von Poppenheim, (2) error in refusing to instruct the jury on the guest statute, (3) error in refusing to instruct the jury on the nonliability of Pletchas if he and Von Poppenheim became intoxicated and the latter was injured by reason of Pletchas' intoxication, and (4) misconduct of the jury in returning its verdict.

Should the court have directed a verdict in favor of Pletchas? Was Von Poppenheim guilty of contributory negligence or of assuming the risk as a matter of law, thereby neutralizing the undisputed negligence of Pletchas?

That Pletchas was guilty of negligence seems to be an accepted premise of both briefs. But the parties are at odds regarding the significance of the evidence as it bears upon questions of contributory negligence and

assumption of risk. Pletchas maintains that the evidence permits only one denouement: that Von Poppenheim was contributorily negligent and that he assumed the risk. Von Poppenheim disagrees; according to him, both the evidence and the inferences which may be drawn from it are in such conflict on a number of material details that the trial court could act only as it did in refusing to direct a verdict.

Pletchas, Von Poppenheim, and one McDonald, all professional wrestlers, left Albuquerque, New Mexico, in Pletchas' car. Their destination was Denver, Colorado, where they were to participate in scheduled matches with other wrestlers who would be their opponents. En route two purchases of beer were made.

In dispute are the following: the quantity of beer purchased; the number of cans of beer consumed before the accident, and particularly the number Pletchas drank; whether Von Poppenheim and McDonald remonstrated at times when Pletchas was driving at an excessive speed; whether, and to what extent, the consumption of beer affected Pletchas' operation of the vehicle.

In respect to the last, there was evidence that Pletchas exhibited an impairment of his driving skill. On the other hand, there was evidence indicating that his ability to drive was not diminished. This could be a valid inference from his conduct immediately after he lost control of his car and it skidded over and down the bank of the mountain road they were traversing.

We recently held that where the evidence is not in agreement as to the quantity of the intoxicant consumed and as to its effect upon the person, and where divergent inferences concerning his condition may be drawn from the evidence, "we had questions for the jury" to determine. *Cox v. Johnston,* 139 Colo. 376, 339 P. (2d) 989.

*Cox v. Johnston* is also authority for the propositions (1) that contributory negligence and assumption of risk are jury questions if the content of the evidence adduced in connection therewith calls for the resolution

of conflicting evidence, and admits of differing inferences; and (2) that ordinarily the jury should, if it finds a driver was under the influence of intoxicants, decide whether such condition proximately caused the accident. See *United Brotherhood v. Salter,* 114 Colo. 513, 167 P. (2d) 954.

We hold that the several pronouncements alluded to in the Cox case are applicable to this case and control our consideration of it on review. It follows that the trial court properly submitted the case to the jury, leaving to it the traditional function of resolving disputed facts and drawing permissible inferences, and of deciding the proximate cause of the accident.

■ We are in accord with the trial court in its holding that the guest statute (C.R.S. '53, 13-9-1) was inapplicable to the uncontroverted facts of the case. Left unchallenged is the evidence of Von Poppenheim that a usage obtained among professional wrestlers by which a wrestler driving his car and carrying other wrestlers is paid by the latter on a mileage basis at the end of the trip. The trial court concluded that this mode of dealing among wrestlers was part of the arrangement of carriage in this case and removed it from the operation of the guest statute.

■ Parties engaged in the same occupation are presumed to have knowledge of the usages applicable to it; and it is not necessary in litigation between them to establish actual knowledge of a usage affecting their dealings. *Fleming v. Wells,* 45 Colo. 255, 101 Pac. 66. Undisputed evidence of the existence of a usage imposes the duty on the court to give it recognition and efficacy as a matter of law. *Bank v. Henning,* 112 Colo. 523, 150 P. (2d) 790.

Thus considered we deem the action of the trial court regular and proper in recognizing and applying the custom in manner making the guest statute inoperative.

Pletchas tendered the following instruction which the trial court refused to give:

"The Court instructs the jury that a person who becomes intoxicated with others, while all are drinking alcoholic beverages in a group or party, assumes the risk of being injured as a result of intoxication by other members of his own party.

"If you find from a preponderance of the evidence in this case that the plaintiff became intoxicated while drinking alcoholic beverages in a party consisting of himself, the defendant, and the third member of the party, and that the plaintiff's injuries resulted from the intoxication of the defendant, then your verdict must be for the defendant."

No error may be asserted based on the refusal to give the instruction, for instruction No. 6, given by the court without objection by either party, made unnecessary any other charge touching upon this phase of the case. Assuming the propriety of the tendered instruction in form and substance, its submission would have unduly stressed an aspect of the case. Repetition of instructions, under whatever guise, giving undue prominence to one feature of a case, is deemed bad practice and should be avoided. *Liutz v. Denver City Tramway Co.*, 54 Colo. 371, 131 Pac. 258; *Daly v. Lininger*, 87 Colo. 401, 288 Pac. 633.

Instruction No. 6 is as follows:

"Where a person unreasonably and imprudently enters or subsequently reenters an automobile with the knowledge that the driver thereof is so under the influence of intoxicants as to tend to prevent him from exercising the care and caution which a sober and reasonably prudent driver would employ in the operation of his car, that person so entering the automobile is barred from recovery by reason of his contributory negligence and as having assumed the risks involved.

"A person riding with another person who knows, or should have known, that the driving ability of the driver has become impaired by reason of his having imbibed in intoxicating liquor, should leave the auto-

mobile if he has a reasonable opportunity so to do and his failure to so leave the automobile constitutes contributory negligence on his part.

"You are instructed that in determining whether or not the plaintiff should have either refused to enter or reenter the defendant's automobile or should have left or tried to leave the automobile must be judged and determined in the light of all of the surrounding facts and circumstances in evidence."

By affidavit the foreman of the jury informed the trial court that the jury determined Von Poppenheim was damaged in the sum of $7700, and that upon further consideration they believed "attorneys received 50 per cent of any verdict," whereupon the jury doubled the sum of $7700, bringing in a verdict for Von Poppenheim in the sum of $15,400. Armed with this affidavit Pletchas made such alleged misconduct of the jury a part of his motion for new trial.

Should the trial court have permitted the verdict to be impeached on the basis of this affidavit, and granted a new trial? "As a general rule, affidavits of jurors stating *the ground upon which they rendered their verdict* will not be received to impeach it." (Emphasis supplied.) *Luitz v. Denver City Tramway Co.,* supra; *Wray v. Carpenter,* 16 Colo. 271, 27 Pac. 248, 25 Am.S.R. 265.

Ordinarily the manner in which a verdict has been reached may not be disclosed by jurors in order to impeach the result of their deliberations. Hence, that the jury may have doubled the damages may not be shown by jurors. *Hannum v. Belchertown,* 19 Pick. (Mass.) 311. And more definitely to the point, a verdict may not be impeached by affidavits of jurors which would indicate that the verdict was larger than the amount of damages found to have been sustained by plaintiff by reason of an allowance for attorney's fees. *Olson v. Des Moines City R. Co.,* 186 Iowa 384, 170 N.W. 466.

We conclude that the trial court properly determined that the verdict could not be impeached in the manner attempted by Pletchas.

Finding no error, the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.