WELDON SWANSON, APPELLANT, V. ROBERT J. MURRAY ET AL., APPELLEES.

112 N. W. 2d 11

Filed December 1, 1961. No. 35024.

*David D. Tews, Frederick M. Deutsch,* and *William I. Hagen,* for appellant.

*Thomas E. Brogan,* for appellee Murray.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Weldon Swanson, plaintiff and appellant, to recover damages for personal injuries from the defendant and appellee, Robert J. Murray. Charles Robeck Construction Company and Hartford Accident and Indemnity Company are also named as defendants and appellees, but they are not parties against whom liability for damages is claimed in this action. At the time this action accrued Charles Robeck Construction Company was the employer of the plaintiff and was insured against liability for workmen's compensation by the Hartford Accident and Indemnity Company. On account of this and the fact that workmen's compensation had been paid at the time this action was commenced they were made parties. For the purposes of this opinion Murray will be referred to as the defendant.

The case was tried to a jury and a verdict was returned in favor of the defendant on which judgment was duly rendered. In due course a motion for new trial was made which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

As grounds for his action plaintiff stated in substance, to the extent material here, that on August 30, 1958, he was employed as a worker and laborer by Charles Robeck Construction Company, which will be hereinafter referred to as Robeck, on the construction of a sanitary sewer project which this company was performing for the city of Norfolk, Nebraska; that at the same time the defendant was a subcontractor of Robeck on the project; that this subcontract, which was partly oral and partly written, was for the excavation of sewer ditches and to furnish all equipment, tools, fuel, and men for the excavation for that purpose for a fixed rate of pay, and a fixed rate of pay if any work should be done with a drag-

line; that on August 30, 1958, the plaintiff, in the course of his employment, was working in an excavation which was at the time in dimensions about 12 feet wide, east and west, 22 feet long, north and south, and 20 to 25 feet deep (the evidence is that it was at the time about 16 feet deep instead of 20 to 25 feet, however the parties make no point of this discrepancy and during the trial they treated it as being about 16 feet); that entrance to and exit from it was accomplished by the use of a ladder; that after the excavation had reached this depth the defendant procured a Shield Bantam dragline which was mounted on the rear of a truck which was placed at about the west center of the excavation with the boom thereof extended almost vertically over the hole; that a clamshell was attached to the boom which was lowered into the excavation by the defendant, but that it would not operate on account of the fact that it was obstructed by a ladder; that the defendant ordered the plaintiff to remove the ladder with which order he proceeded to comply; and that while plaintiff was so proceeding and while he was standing on the east side of the hole the boom fell striking and injuring him.

The plaintiff stated further that at the time the boom fell he was free from negligence and was at a place where he was required to be by reason of his employment.

The plaintiff stated further that the defendant was in the sole and exclusive control and management of the dragline; that he was an experienced operator of such equipment; that the falling which took place was such an occurrence as in the ordinary course of events does not happen if the person in charge exercises care in operation, maintenance, inspection, repair, and upkeep; and that the occurrence itself indicates a want of due care on the part of the defendant.

The plaintiff stated that he was unable to give the exact cause of the fall of the boom, but that it would

not have fallen except for some negligent act, wrong, or omission of the defendant.

The theory of the action of plaintiff is that he is entitled to recover under the doctrine of res ipsa loquitur. The definition of the doctrine together with certain rules of application are stated in Security Ins. Co. v. Omaha Coca-Cola Bottling Co., 157 Neb. 923, 62 N. W. 2d 127, as follows: "The doctrine of res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel it. The doctrine is a rule of evidence and not a rule of substantive law. It is a qualification of the general rule that negligence is not to be presumed but must always be affirmatively proved. It merely takes the place of evidence as affecting the burden of proceeding with the case.

"When facts are adduced to which the doctrine of res ipsa loquitur has application an inference of negligence arises, that is, the thing speaks for itself. It then presents a question for the jury as to liability." See, also, Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224, 161 Neb. 280, 73 N. W. 2d 228.

These rules do not disturb the general rule that before a recovery may be had the cause of action must be sustained by a preponderance of the evidence. This is emphasized in Mercer v. Omaha & C. B. St. Ry. Co., 108 Neb. 532, 188 N. W. 296, in the following language: "The burden of proof upon the issue of negligence does not shift during the progress of the trial, but rests throughout upon the party alleging such negligence; and a proper application of the doctrine res ipsa loquitur does not change said rule." See, also, Olson v. Omaha & C. B. St. Ry. Co., 137 Neb. 216, 289 N. W. 356; Bohmont v. Moore, 138 Neb. 784, 295 N. W. 419, 133 A. L. R. 270; Myers v. Willmeroth, 150 Neb. 416, 34 N. W. 2d 756.

The defendant filed an answer in which he admitted the allegations contained in the petition as to the capacity of Robeck and the employment of the plaintiff by

Robeck. There are other admissions but they are of no moment here. The petition was otherwise denied. The defendant pleaded in substance affirmatively, to the extent necessary to set out here, that he entered into the written contract with Robeck which has been mentioned by plaintiff in his petition under which contract he was obligated among other things to dig the hole at which the parties were working at the time of the accident in which plaintiff was injured; that the contract was entered into prior to August 30, 1958; that he proceeded to dig the hole with his own equipment until the depth of about 16 feet was reached which was the maximum depth capacity of his equipment; that the required depth of the hole was about 25 feet; that equipment of sufficient depth capacity was located and the defendant was instructed by an agent of Robeck to obtain the equipment and to proceed; that the defendant did procure the equipment on or about August 29, 1958; that the defendant had never before seen it but that it appeared to be in good working condition; that it was of a type with which the defendant was familiar; that he tested and inspected it to some extent and it appeared to be in satisfactory working condition; that the hole was a lift station project; that the equipment was moved to the site by an employee of the defendant; that the equipment was placed in position at the west edge of the hole and the boom thereon moved to the south; that at that time several employees of Robeck including the plaintiff were working in the excavation and were ordered out by the defendant and warned to stay out; that the defendant then moved the boom to which a bucket or clam was attached so that it extended eastward across the hole where the clam was dropped; that about the same time the boom dropped and struck the plaintiff; that the plaintiff was in a place of safety when the defendant started to move the boom from the south to its position when it fell; and that the defendant has

no knowledge of what caused it to fall and did nothing to cause it to fall.

It was pleaded that the plaintiff knew of the dangers of this type of machine and he had been repeatedly warned, and took the risk of the danger by moving from a position of safety into one of danger.

It was further pleaded that the machine was at all times in the control and possession of Robeck. The theory advanced by this was that the defendant and plaintiff were fellow employees of Robeck and on that account plaintiff could not prevail in an action for damages against the defendant.

By reply the plaintiff denied generally the allegations of the answer.

As grounds for reversal on appeal the plaintiff has set forth assignments of error which are too numerous for separate reference here. The phases thereof which require consideration will therefore be considered rather than the specific assignments.

In the light of the rules stated and the review made of the pleadings, it is apparent that the plaintiff had in the first instance the burden of adducing evidence sufficient to warrant an inference of negligence on the part of the defendant. This burden was sustained. The defendant does not seriously contend otherwise.

The burden then devolved on the defendant to rebut the inference which flowed from the evidence of the plaintiff. The defendant did adduce evidence in rebuttal of the inference. He also adduced evidence the purpose of which was to sustain the charge of contributory negligence on the part of the plaintiff contained in the answer.

Whether or not the plaintiff, independent of and aside from the defense of contributory negligence, had proved his cause of action depended upon the question of whether or not the evidence preponderated in his favor. That question however is not here for determination in view of the assignments of error asserted by the plain-

tiff and the statement of the questions involved set out in the brief of the defendant.

The questions upon which a determination herein must be made are the following: Was there evidence upon which to submit the pleaded question of whether or not the plaintiff was guilty of negligence which proximately caused or contributed to the accident and his injuries? Was there evidence that the plaintiff by his own acts and conduct assumed the risk of the danger to himself, the consequence of which was to defeat a right of recovery from the defendant? If there was no such evidence there was no basis for instruction on contributory negligence. The plaintiff contends that there was none and on that ground that he is entitled to a reversal of the judgment and to a new trial. A third question is, if there was evidence, then did the court properly instruct the jury in relation thereto?

There is another theory presented by the defendant which he contends defeats a recovery by the plaintiff. He contends that the plaintiff and defendant were fellow employees and that under the law controlling in that situation and on the evidence adduced no recovery could be allowed. The simple answer to this is that there is no evidence from which it may be said that they were fellow employees.

In answer to the first and the second questions the view taken is that there was no evidence that the plaintiff was contributorily negligent in any degree or that he assumed any risk which would bar a right of recovery. There was therefore no basis for the submission of these questions to a jury, and the trial court erred prejudicially in doing so.

The law is of course well settled that the submission of issues which find no support in the evidence is reversible error. See, Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439; Anderson v. Nielsen, 162 Neb. 110, 75 N. W. 2d 372; Arnold v. Lance, 166 Neb. 834, 90 N. W. 2d 814.

The pertinent evidence which summarized makes clear the view stated that there was no evidence that plaintiff was guilty of contributory negligence is as follows: Robeck had a contract with the city of Norfolk, Nebraska, to lay a sewer line in that city. The defendant had a subcontract to excavate the line and in that line to dig the hole at which the plaintiff was injured. The plaintiff was an employee of Robeck in the capacity of a laborer. At the time the incidents of importance here transpired he was engaged in the performance of his duties for Robeck. It is true that his duties for Robeck also had some relationship to the work being done by the defendant but there is no evidence of any change in his employment status. The hole was dug by the defendant pursuant to requirement to a depth of about 16 feet. This was done with equipment owned and operated by the defendant. This depth was the maximum which could be reached by the use of this equipment, however the required depth of the hole was more than 20 feet. Equipment of the size and capacity to dig the hole to the required depth was located and the defendant went to examine it. This equipment was of a kind and character familiar in construction and operation to the defendant.

It does not appear that a detailed description is required here, but some pertinent details are the following: The operation controls including a motor for operation purposes were carried on a truck. The position for the operator was also on the truck. From this position a boom extended which could be elevated, lowered, and moved horizontally by the operator. From the seat of operation a cable or cables extended to the outer end of the boom and downward. At the downward end of the cable was attached a shovel or bucket called a clam or clamshell. This arrangement was used to pick up, lift, and convey objects to a changed position. These movements involved controls solely in the hands of the operator.

·· The mechanical condition of the equipment was open to view and subject to inspection and the ascertainment of defects, if any existed. This statement flows from the evidence of the defendant and about it there is no evidentiary dispute. ··

. The defendant and an employee of his went to get the equipment. He attempted to operate it and found that in operation the boom fell part way a couple of times. He made some adjustment and satisfied himself that the equipment was in operating condition. He did not make a careful examination at that time or at any other time, even after the accident. He never did attempt to find out what caused the boom to fall. After this the equipment was taken to the vicinity of the hole.

At the hole at the direction of the defendant the truck was placed on the west side of the hole about 5 or· 6 feet from the edge, the boom with the clam was extended over the hole, and the clam was lowered. At about the time the clam reached the bottom of the hole the boom dropped and in its fall struck the plaintiff.

· Before the defendant started to lower the clam he directed collectively a number of Robeck workmen, including the plaintiff, to get out of the hole and to remove a ladder. They complied and the plaintiff of his own volition moved to a point about the middle of the east side for the expressed purpose of attempting to see to it that the clam did not disturb provisions which had been made to prevent caving in of the walls of the hole.

There is no evidence that the plaintiff or anyone else was informed or that there was any reason for the plaintiff to suspect that there was danger of a fall of the boom. In fact the complete gist of the evidence in this area from all witnesses purporting to have knowledge flowing from experience or observation was that the opposite was true. The plaintiff had 6 years of observation and had never heard of such a fall. The defendant had 13 or 14 years experience in the operation of this

kind of equipment and had never had a boom fall. Another witness had 13 years experience and had never had a boom fall in operation. This other witness knew that this equipment prior to this time was out of adjustment. There is nothing in any of this evidence from which it could be said or inferred that anything that plaintiff did amounted to negligence or contributory negligence.

It is clear that the plaintiff was not guilty of any positive or affirmative act which in itself was negligent. If he was guilty of contributory negligence it was on account of failure to exercise ordinary care for his safety. If the plaintiff was guilty of such failure then he was guilty of contributory negligence. See, Klement v. Lindell, 139 Neb. 540, 298 N. W. 137; Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764; Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041. In the light of this review it becomes apparent that there is no evidence that there was a failure of the plaintiff under the circumstances to exercise ordinary care for his own safety, hence it is repeated that the court erred in submitting the issue of contributory negligence to the jury.

The submission of the doctrine of assumed risk was erroneous under the evidence adduced for the same reason that the submission of the issue of contributory negligence was erroneous. There was no evidence adduced which supported any contention that the plaintiff subjected himself to any danger of which he knew, was informed, or in the exercise of ordinary care should have known or become informed. The total evidence supports the opposite view.

The answer to these two questions, as is apparent, renders unnecessary any response to the third. It renders unnecessary also a consideration at this time of the other matters tendered by the assignments of error.

Accordingly the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.