Mr. Justice. McWilliams
delivered the opinion of the Court.
Carl Mullin brought an action against Gene Babcock, doing business as Gene’s Welding Service, hereinafter to be referred to as the defendant, for personal injuries sustained by him as a result of the alleged negligence of one of the defendant’s employees. Trial by jury culminated in a verdict in favor of the defendant and judgment to that effect was duly entered. By writ of error Mullin now seeks reversal of the judgment thus entered.
Mullin’s basic contention is that the trial court erred in refusing to grant a motion for directed verdict in his favor on the issue of liability. The trial court was of the view that the issues of negligence, contributory negligence and proximate cause were all issues of fact, and not of law, and accordingly denied motions for directed verdict on the issue of liability which were interposed by both Mullin and the defendant. It is Mullin’s position, however, that under the facts and circumstances as adduced by the parties upon trial, the defendant’s employee was negligent, that such negligence was the proximate cause of his injuries and that he (Mullin) was free from contributory negligence or assumption of risk, and all as a matter of law. Brief reference to the evidence is in order if our determination of this controversy is to have meaning.
Mullin was an employee of the Kansas-Nebraska Natural Gas Company, hereinafter referred to as the Company. Some time in 1960 the Company entered into a contract with the defendant whereby the latter agreed to lay certain pipeline for the Company in Nebraska. On the day of the accident here under scrutiny Mullin was on the jobsite on behalf of his employer, namely, the Company. Specifically, Mullin was then acting as an “inspector” for the Company and his particular task was to inspect the pipeline as it was being laid by the defendant. In the laying of this pipeline the defendant *371 used what was described as an International Harvester T.C. 18 sideboom tractor. It was in this particular setting that Mullin was injured when the “boom” on the aforementioned tractor “fell” and struck him a severe blow.
In connection with this accident Mullin thereafter received workmen’s compensation benefits. However, some four years later Mullin instituted the present action against the defendants; and joined as a party plaintiff was the Globe Indemnity Company, the compensation insurance carrier for the Company.
Upon trial it was evident that Mullin relied upon the doctrine of res ipsa loquitur. In other words, as concerns the matter of defendant’s negligence, Mullin introduced no evidence as to just why the defendant’s boom fell on him, though he did establish that the defendant’s employee had exclusive control of the sideboom, and that while thus in control of the boom the employee had “allowed” it to fall on him. At the conclusion of Mullin’s evidence, the defendant moved for a directed verdict in its favor on the ground that there was no evidence of any negligence on its part. This motion was denied.
As a part of its case the defendant then called as a witness one of its employees, one Albert Highfield, who was operating the tractor at the time the boom fell on Mullin. His explanation as to how the boom happened to fall onto Mullin was as follows:
“Well, while I was stopped there I got up in the seat on my knees and was looking back over the gear box over there and the next thing well, evidently I hit the lever with my knee and unlatched the brake on it is all I know what could of happened, and the next thing, well, Mr. Mullin was on the ground out there.”
Mullin testified that a moment or two before the accident he had ordered the tractor stopped in order that a “hole” in the pipeline might be patched. While this patching operation was in progress he “guessed” he had stepped backwards a step or two to the end that he was standing directly under the boom when it fell. Mullin *372 freely admitted that he-didn’t realize that he was' standing under the boom and that had he realized it -he would have “gotten out from under it.” Mullin denied, thóugh, that he'had received any warning from any source that he should stay “out from under” the boom. However, on the issue of warning, the evidence was in sharp dispute. The defendant called two witnesses who testified that Mullin was repeatedly warned to stay out from under the boom and that he disregarded these warnings with the comment that he knew what he was doing.
As indicated, Mullin argues that based on the totality of the evidence, the pertinent parts of which have been summarized above, the trial court should have directed the jury to return a verdict in his favor, with the only issue to be resolved by the jury being the one of damages. As a matter of law, says Mullin, the defendant was negligent and this negligence was the sole cause of his injuries. In other words, Mullin claims that as a matter of law he was free of contributory negligence and did not assume any risk.
On the issue of so-called primary negligence, Mullin asserts that the defendant’s evidence as to how the boom fell established negligence as a matter of law. Counsel for the defendant argues that though the defendant’s employee did present his explanation as to how and why the boom fell, the question as to whether his conduct under the circumstances fell below the standard of conduct of a reasonably prudent man was for the jury to determine. Similarly, claims the defendant, whether Mullin played the role of a reasonably prudent man in the face of repeated warnings not to get under the boom also posed a jury issue. In our view under the circumstances the trial court did not err in submitting to the jury the related issues of negligence, contributory negligence and assumption of risk, and proximate cause.
In support of his several contentions Mullin relies heavily upon Swanson v. Murray, 172 Neb. 839, 112 N.W. *373 2d 11, which is also a case of personal injuries resulting from a falling boom. While: there are most certainly similarities between the instant case and the Swanson case, there are also' significant differences between the two. In the instant case there is considerable evidence to the effect that the injured employee was repeatedly warned to stay out from under the boom; whereas in the Stoanson case the injured employee was apparently in a place where he had been directed to be by the boom operator. In any event, in the Swanson case the Nebraska Supreme Court in its analysis of the evidence said there was “no evidence” of any failure on the part of the plaintiff, “under the circumstances” to exercise ordinary care for his safety. The same, observation cannot be made in the instant case, in view of the line of testimony that Mullin was repeatedly warned not to stand under the boom.
Be that as it may, the Swanson case itself indicates that it was proper to submit to the jury the issue of the defendant’s negligence, and that the error occurred in also submitting to the jury the issue of contributory negligence and assumption of risk. However, the evidence in the instant case bearing on the issue of contributory negligence and assumption of risk is materially different from that in the Swanson case, and hence Swanson does not control.
The judgment is therefore affirmed.
Mr. Justice Pringle concurs in the result.