Blanca Eloisa BRAVO, By and Through her father and next friend, Jaime F. Bravo, Plaintiff-Appellee and Cross-Appellant,

v.

Daniel WAREHAM, Defendant-Appellant and Cross-Appellee.

No. 78–102.

Colorado Court of Appeals, Div. II.

July 5, 1979.

Rehearings Denied July 26, 1979.

Certiorari Denied Dec. 3, 1979.

Gavend, Sullivan & Bryans, David M. Bryans, Denver, for plaintiff-appellee and cross-appellant.

Burnett, Horan & Hilgers, William P. Horan, Denver, for defendant-appellant and cross-appellee.

SILVERSTEIN, Judge.

Defendant appeals an adverse judgment in this personal injury action, and asserts as error the trial judge's purported misconduct and the refusal of defendant's tendered instruction. Plaintiff cross-appeals claiming she was entitled to a directed verdict. We affirm the judgment.

Plaintiff received a skull fracture when she fell off the hood of a car being driven by defendant. In addition to headaches and continuing nausea during her eleven day hospitalization, plaintiff's medical experts testified that she had permanently lost her

sense of smell and, as a result, suffered a permanent diminished sense of taste. Plaintiff's psychiatrist testified that due to organic injury to her brain as a result of the fracture, plaintiff suffered a permanent partial loss of her ability to concentrate. The psychiatrist also testified that plaintiff currently suffered from abnormal distrust, constricting caution and depression as a result of the accident and that these conditions interfered with her normal development. Noting her condition had improved in the year he had treated her, he recommended continued therapy with another doctor for a period of a year or more.

By special verdict the jury found that both defendant and plaintiff were negligent and that the negligence of each was a proximate cause of plaintiff's injuries. The jury apportioned the negligence 60 percent to defendant and 40 percent to plaintiff and awarded plaintiff damages in the sum of $120,000 before reduction for her contributory negligence. The court entered judgment for $72,000, plus interest and costs.

## I.

■ Defendant contends first that the trial court committed reversible error by giving an oral instruction to the jury.

The judge read the first nineteen instructions and then admonished the jury to pay special attention to the next instruction which dealt with the comparative negligence of the parties. After reading the instruction, the judge gave two oral examples of how the instruction applied, as follows:

"Now I hesitate to comment on that because I think it is plain, and I am not suggesting how you should find, but let's say you find for plaintiff and that you find she has been harmed $100,000 worth because of the damages she has sustained, and then you find, for example, 80 percent of the negligence was attributable to the defendant and 20 percent to the plaintiff. This means that the court would then enter a judgment in favor of the plaintiff for $80,000.

"Now, the same thing is true if you find she has been damaged in the amount of $100,000, and you find her negligence contributed 55 percent to the damages she received and the defendant's negligence was 45 percent, then, of course, she would receive nothing."

Defendant contends the above comment constituted an oral instruction and a comment on the evidence, contrary to C.R.C.P. 51, as reiterated in *Home Public Market v. Newrock*, 111 Colo. 428, 142 P.2d 272 (1943). The above quoted statement was neither an instruction nor a comment on the evidence. However the statement did give undue emphasis to a part of the case, contrary to the admonition in *Pletchas v. Von Poppenheim*, 148 Colo. 127, 365 P.2d 261 (1961), namely: "Repetition of instructions, under whatever guise, giving undue prominence to one feature of the case, is deemed bad practice and should be avoided."

While unnecessary repetition in the charge to the jury is to be condemned, "that is not saying that it must be regarded as reversible error." *Liutz v. Denver Tramway Co.*, 54 Colo. 371, 131 P. 258 (1913). Nevertheless, although we disapprove of the court's action in giving the example we do not regard it as reversible error here for three reasons: The evidence supports the amount of the verdict; the court gave the summary closing instruction, *Colo.J.I.* 4:11; and defendant did not make any contemporaneous objection to the remarks, but waited until the filing of his motion for new trial to raise the issue.

## II.

■ Defendant also asserts error in the trial court's refusal of his tendered instruction which quoted § 42–4–201(6), C.R.S. 1973. This statute prohibits a passenger from riding or hanging onto the outside of a moving vehicle, and likewise prohibits a driver from knowingly allowing someone to ride or hang outside the vehicle when it is moving. The trial court refused the instruction because § 42–4–103, C.R.S.1973, restricts the application of article 4 of title

42, C.R.S.1973, to streets and highways, and this accident occurred in a private parking lot.

As pertinent here, § 42–4–103(2), C.R.S. 1973, provides:

"The provisions of this article [Regulation of Vehicles and Traffic] relating to the operation of vehicles and the movement of pedestrians refer exclusively to the use of streets and highways except: (a) Where a different place is specifically referred to in a given section."

Defendant contends that, since § 42–4–201(6) applies to vehicles "while moving," the section falls within the above quoted exception. The contention is without merit. The words "while moving" do not connote any particular *place* and do not give rise to the exception. Hence, the tendered instruction was properly refused.

### III.

We find defendant's other contention, and plaintiff's contention on cross-appeal, to be without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.