Marvin H. DARE and Alice C. Dare, Plaintiffs-Appellants,

v.

Marvin L. SOBULE, Defendant-Appellee.

No. 79CA1045.

Colorado Court of Appeals, Div. I.

March 4, 1982.

Rehearing Denied March 25, 1982.

Certiorari Granted July 6, 1982.

**170**

Mallgren & Podoll, P. C., Richard B. Podoll, Robert C. Podoll, Denver, for plaintiffs-appellants.

Hall & Evans, James C. Perrill, Denver, for defendant-appellee.

SILVERSTEIN,* Judge.

Plaintiffs, Marvin and Alice Dare, brought this action against Marvin Sobule to recover damages for the wrongful death of their son, Tracy Dare. Following a trial, the jury returned a verdict finding that both the decedent and the defendant were negligent; that the negligence of each was a proximate cause of the claimed damages; and that the percentage of negligence at-

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

tributable to decedent was 80% and to defendant 20%. Plaintiffs appeal the adverse judgment entered on this verdict. We affirm.

## I.

Plaintiffs assert the trial court erred in refusing to give their tendered instruction, which read: "To operate a motorcycle without wearing a helmet is not contributory negligence." We do not agree.

The facts pertinent to this issue are: The accident occurred when defendant's car traveling west made a left turn at an intersection and was struck by decedent who was driving a motorcycle traveling east. Decedent died as a result of injuries received in the collision. At the time of the accident, wearing a helmet was not required by statute.

Two of plaintiffs' witnesses testified, on cross-examination, that decedent was not wearing a helmet. No objection was made to this evidence, and nothing further relative to this fact appeared in the testimony. In a ruling not at issue in this appeal, the trial court, when refusing to give the tendered instruction, ruled that, in presenting their closing arguments, neither side was to make any reference to the failure to wear a helmet. The trial court included in the instructions proper definitions of negligence and contributory negligence. It declined to give the tendered instruction on the ground that such an instruction would give undue emphasis to one factor in the case. We agree.

As stated in *Pletchas v. Von Poppenheim*, 148 Colo. 127, 365 P.2d 261 (1961): "Repetition of instructions, under whatever guise, giving undue prominence to one feature of the case, is deemed bad practice and should be avoided." *See Bravo v. Wareham*, 43 Colo.App. 1, 605 P.2d 58 (1979). Under this rule, reversible error was found in the giving of an instruction on the non-use of a safety appliance in *Harlan v. Curbo*, 250 Ark. 610, 466 S.W.2d 459 (1971). There, the

of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.).

court stated that the trial court having given an instruction defining the duty of persons to use ordinary care for their own safety, "The additional reference to the plaintiff's failure to use seatbelts not only was an unnecessary duplication but also singled out a particular fact for undue emphasis."

Plaintiffs contend that *Fischer v. Moore*, 183 Colo. 392, 517 P.2d 458 (1973), mandates the giving of the tendered instruction. We do not agree. *Fischer* holds that under the doctrine of contributory negligence the failure to use a seat belt "may not be pleaded as bar to recovery of damages in an action against a tortfeasor whose negligence provides the initiating force and is a proximate cause of an injury to a driver or a passenger." Although the case also stated that the decision should not be construed to apply as a bar to the seat belt defense under the Colorado Comparative Negligence statute, in *Churning v. Staples*, Colo.App., 628 P.2d 180 (1981), this Court held, "[W]e find the logic in *Fischer* still compelling and hold that the seat belt defense is not available for purposes of determining the degree of plaintiff's negligence under the comparative negligence statute."

While we agree with plaintiffs that the same rule would apply to the failure to wear a helmet while riding a motorcycle, we do not agree that it would be proper to give an additional instruction stressing this one factor where, as here, defendant did not assert such failure as a defense, and the issue was not presented to the jury.

## II.

Plaintiffs also contend the trial court erred in permitting defendant's expert witness to testify when the expert's identity was not disclosed to plaintiffs until two and a half weeks before trial, although plaintiffs had properly demanded such a disclosure ten months before trial. We find no error.

Although defendant's attorney knew that the expert—in accident re-construction— had made a report to defendant's insurance company shortly after the accident oc-

curred, the attorney did not call for the report until about a month before the trial date. Upon receiving the report, he promptly sent a copy to plaintiffs' attorney. Plaintiffs then took the expert's deposition.

The record discloses that plaintiffs also failed timely to file their Trial Data Certificate which, when filed, listed seven witnesses not previously disclosed to defendant. Three of these witnesses were doctors, and their medical reports had not been delivered to defendant. Both parties filed motions to prohibit the others' witnesses from testifying, both motions were denied, and all the witnesses testified.

█ Trial courts are given wide discretion in this area of allowing late identified witnesses to testify. *See Estate of Gardner v. First National Bank*, 31 Colo.App. 361, 505 P.2d 50 (1972). It is not an abuse of discretion to allow such a witness to testify where, as here, plaintiffs had knowledge of the witness and were given the opportunity to, and did depose the witness prior to trial. *Murphy v. Colorado Aviation, Inc.*, 41 Colo. App. 237, 588 P.2d 877 (1978); *see Glisan v. Kurth*, 153 Colo. 102, 384 P.2d 946 (1963).

## III.

█ On the third, and last, day of trial, defendant was absent because of his having been hospitalized the night before. Over plaintiffs' objection, the trial court advised the jury of the reason for the absence and instructed them that they were not to consider defendant's illness one way or the other in arriving at their verdict. Plaintiffs contend this advisement was unnecessary and highly prejudicial. We do not agree.

The evidence, including unrefuted testimony that decedent was exceeding the posted speed limit at the time of the occurrence, supports the jury's verdict. There is no indication that the jury failed to follow the court's instructions.

The judgment is affirmed.

COYTE and SMITH, JJ., concur.