Jay M. CARTER, III, Plaintiff–
Appellant,

v.

Edwin M. LOVELACE, Defendant–
Appellee.

No. 91CA1501.

Colorado Court of Appeals,
Div. III.

Nov. 19, 1992.

Rehearing Denied Dec. 17, 1992.

Edward J. LaBarre, Colorado Springs, for plaintiff-appellant.

James R. Alvillar, Laurie A. Noble, Grand Junction, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Jay M. Carter, III, appeals from the judgment entered following a jury trial. We reverse and remand with directions.

In August 1989, plaintiff was driving westbound on a two-lane highway, behind a vehicle towing a small trailer. In front of the vehicle with the trailer was a motor home driven by defendant, Edwin M. Lovelace. When plaintiff reached a passing zone, he attempted to pass the two vehicles; however, before he passed the first vehicle, defendant made a left-hand turn in front of plaintiff's car while attempting to turn off into a gravelled parking area. The two vehicles collided, and plaintiff's wife sustained injuries in the accident which ultimately proved fatal.

Plaintiff filed a wrongful death action against defendant, and in response, defendant raised the affirmative defenses that plaintiff was contributorily negligent in the operation of his vehicle and that plaintiff had assumed the risk of a collision by attempting to pass two over-sized vehicles despite an approaching curve and a limited passing zone.

At the conclusion of a jury trial, the court, over plaintiff's objection, instructed the jury on assumption of risk. The jury returned a verdict finding plaintiff and defendant each 50% negligent, and accordingly, the court entered judgment in favor of the defendant.

Plaintiff's main contention is that the trial court erred by giving an assumption of risk instruction. We agree.

■ A party is entitled to an instruction embodying his or her theory of the case if there is evidence in the record to support it. *Schafer v. Hoffman*, 831 P.2d 897 (Colo. 1992). However, a court should not give an instruction which is not applicable to any issue the jury is required to decide.

*Lamont v. Union Pacific R.R. Co.*, 714 P.2d 1341 (Colo.App.1986).

Section 13–21–111.7, C.R.S. (1987 Repl. Vol. 6A) provides:

Assumption of a risk by a person shall be considered by the trier of fact in apportioning negligence pursuant to section 13–21–111. For the purposes of this section, a person assumes the risk of injury or damage if he voluntarily or unreasonably exposes himself to injury or damage with knowledge or appreciation of the danger and risk involved.

■ Thus, § 13–21–111.7 defines assumption of risk in terms of either a plaintiff's unreasonable exposure to a known risk or a plaintiff's voluntary but not necessarily unreasonable exposure to such risk. *See Harris v. The Ark*, 810 P.2d 226 (Colo. 1991) (upholding the constitutionality of § 13–21–111.7). In either event, plaintiff must know of the risk he or she undertakes.

At trial, the court instructed the jury on both contributory negligence and assumption of risk. The distinction between these two affirmative defenses is important in resolving the issue before us. That distinction was addressed in *Appelhans v. Kirkwood*, 148 Colo. 92, 99, 365 P.2d 233, 237 (1961), in which the court stated:

[A]ssumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct.... The two coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff, or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care.

*See Harris v. The Ark, supra* (reaffirming this language).

■ The important point is assumption of risk requires *knowledge* of the danger and *consent* to it. Contributory negligence does not. *See Summit County Development Corp. v. Bagnoli*, 166 Colo. 27, 441 P.2d 658 (1968).

■ Here, we agree with plaintiff that he did not assume a "known and obvious" risk when he attempted to pass the vehicles because the road ahead was clear when he began passing the vehicles and the gravel turn-off was not visible. Thus, although plaintiff might be said to have assumed some risks, he did not assume the risk that defendant would turn off into the gravel road.

Defendant argues that plaintiff assumed the risk of a collision with defendant because plaintiff attempted to pass two oversized vehicles on a winding highway in a limited passing zone. However, defendant's construction of assumption of risk would mean that all drivers assume the risk of *any* accident resulting from such a passing maneuver.

Previous authority has not construed the assumption of risk doctrine that broadly. *See Harris v. The Ark, supra* (assumption of risk instruction proper when plaintiff *knew* alternate routes were available but decided to take an icy and snow-covered walkway on which he slipped and fell); *Mullin v. Babcock,* 167 Colo. 369, 447 P.2d 697 (1968) (assumption of risk instruction proper when plaintiff was injured after repeated warnings of danger); *Pletchas v. Von Poppenheim,* 148 Colo. 127, 365 P.2d 261 (1961) (assumption of risk instruction proper when plaintiff became a passenger in automobile driven by defendant whom plaintiff *knew* had been drinking).

In sum, we conclude plaintiff's attempt to pass defendant's vehicle may have occurred in a negligent manner. However, plaintiff did not assume a known risk that the defendant would make a left turn in front of him since he did not know of such a risk, and could not have reasonably consented to take such a risk. Under these circumstances, ordinary principles of negligence and contributory negligence apply, and the trial court erred in ruling otherwise.

■ Nor can we conclude that the error was harmless.

Here, the trial court instructed the jury that:

> Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury, death, property damage or other losses. *Negligence may also mean assumption of risk.* A person assumes the risk of injury or damage if the person voluntarily or unreasonably exposes himself or herself to such injury or damage with knowledge or appreciation of the danger or risk involved. (emphasis added)

Under this instruction, the jury's finding that plaintiff was 50% contributorily negligent could have resulted from a finding that plaintiff assumed the risk.

Further, there was no special interrogatory submitted directing the jury separately to consider the defenses of assumption of risk and contributory negligence. Thus, we cannot determine the weight to which the jury may have accorded the erroneous instruction and, consequently, cannot be certain that it had no harmful effect.

In view of this disposition, we need not address plaintiff's additional contention.

The judgment is reversed, and the cause is remanded for a new trial.

SMITH and CRISWELL, JJ., concur.